# NEWMAN v. NEWMAN.

---

APPEAL AND ERROR; RECORD ON APPEAL; EQUITY; ORAL TESTIMONY IN EQUITY CAUSES.

1. If the appellant in an equity cause fails to include in the transcript on appeal all of the testimony introduced on the hearing below, the

NEWMAN *v.* NEWMAN.

appellate court may dismiss the appeal, or require, in a proper case, that the defect be supplied, or it may affirm the decree upon such insufficient transcript. (Following *Norment* v. *Edwards*, 6 App. D. C. 107; *Hunter* v. *Phœnix Mut. L. Ins. Co.* 12 App. D. C. 373; *Davis* v. *Harper*, 14 App. D. C. 298; *Adriaans* v. *Reilly*, 27 App. D. C. 167, and *Cosey* v. *Smith*, 32 App. D. C. 193.)

2. Assuming, without deciding, that if the record on an appeal by the defendant in an equity cause, in which a decree was passed granting the relief sought by the bill of complaint, shows that the hearing below was not on the pleadings alone, and fails to show that there was any testimony in support of the bill, the decree would be reversed, it will not be reversed on that ground if it appears from the record that the decree was based on oral and documentary evidence.

3. If, in an equity cause, a deposition is introduced on the hearing in the court below, it should be included in the transcript of the record on appeal, whether actually considered or not unless excluded by that court as incompetent, and no exception is taken to the ruling, in which event it will not form a part of the transcript.

4. It is within the discretion of the lower court in a divorce suit, upon proper cause shown, to order the testimony to be taken orally in open court (citing D. C. Code, sec. 1061 [31 Stat. at L. 1356, chap. 854], and rules 45 and 46, of D. C. Sup. Ct.) ; and on an appeal from a decree in such a suit, in which the testimony was so taken, it will be presumed in the absence of anything in the record to indicate to the contrary, that the discretion was properly exercised, and that the taking of the testimony in that manner was not opposed by the appellant.

5. In the absence of any rule of court requiring testimony taken orally before the lower court in an equity cause to be reduced to writing, or a statement of it to be prepared, so that either party may have the benefit of it in event of an appeal from the decree rendered, the unsuccessful party, if he desires to appeal, should see to it that testimony so taken is preserved, so that it may be included in the transcript of the record on appeal; and if he fails to do so, the appeal will be affirmed, or will be dismissed on motion of the appellee, if it appear that the defect in the record cannot be cured, and it would therefore be useless to suspend action on the motion with leave to the appellant to perfect the record. (Citing *Hunter* v. *Phœnix Mut. L. Ins. Co.* supra.

No. 2213.   Submitted October 12, 1910.   Decided October 17, 1910.

HEARING on a motion to dismiss an appeal.        *Granted.*

The facts are stated in the opinion.

*Mr. W. E. Lester* for the motion.

*Mr. Loen Tobriner* opposed.

Mr. Chief Justice SHEPARD ·delivered the opinion of the Court:

The appellee, Henrietta Newman, has moved to dismiss the appeal, because the transcript fails to contain the testimony introduced on the hearing.

The appellee filed a bill against Meyer B. Newman, her husband, the appellant, September 7th, 1909, praying a separation from bed and board, and an order for alimony. The defendant having answered the bill, the cause was heard December 18th, 1909, and resulted in a decree of separation as prayed and for alimony. The decree recites: "This cause coming on to be heard in open court upon the pleadings and the testimony of the plaintiff, and Lewis Friend, Isaac Reiss, Charlie Yaeger, Julia Lyons, Elizabeth Quill, Mary E. Knorlein, Mrs. Charles Johnson, Edna Quill and John Quill, witnesses produced on behalf of the plaintiff, and the defendant and Lucy Le Rout, Mary A. Koontz, W. Walton Edwards, and Mary McMahon, witnesses on behalf of the defendant, whose testimony is heard in open court, as also upon the documentary evidence adduced by the respective parties, and the same having been duly considered by the court," etc., etc.

His appeal bond having been approved and filed, the appellant gave his directions to the clerk for the preparation of the transcript, notice of which was given to the appellee's counsel. Among the items designated are: "Testimony taken and filed." The appellee, within the time and in the manner required by the rules of this court, directed the clerk to include in the transcript the stenographic report of the evidence taken in open court.

The transcript contains copies of the pleadings and decree, designations of papers to be included in the transcript, and notice of appeal. None of the testimony, save a deposition of one Kaminska, was included. It contains a note of the clerk, in addition to his official certificate, to the effect that a careful search shows no testimony other than that copied.

With said transcript, filed in this court August 27th, 1910, appellant filed a paper assigning the alleged errors in the cause. Three of these grounds of error are to the effect that *nothing* appears in the pleading or testimony to justify the decree. The fourth is that "the testimony of all the witnesses named in said decree, and upon which said decree is based, having been heard orally in open court, and not reduced to writing or filed of record herein, must be disregarded in this court." The clerk was directed not to print the testimony of Kaminska, because it appeared "in and by said decree" that her testimony was not considered by the court below.

It is the duty of an appellant to file a sufficient transcript of the proceedings in the court below to enable this court to decide all the questions that may be properly presented. This includes, in an equity case, all of the testimony introduced on the hearing. Failing in this duty, the court may dismiss the appeal, or require, in a proper case, that the defect be supplied; or it may affirm the judgment or decree upon such insufficient transcript. *Norment* v. *Edwards,* 6 App. D. C. 107; *Hunter* v. *Phœnix Mut. L. Ins. Co.* 12 App. D. C. 373; *Davis* v. *Harper,* 14 App. D. C. 298-301; *Adriaans* v. *Reilly,* 27 App. D. C. 167-169; *Cosey* v. *Smith,* 32 App. D. C. 193.

Upon the ground that there was no testimony in the record of proceedings below, the appellant contends that the decree must be reversed for that reason. We may assume, without so deciding, that this view is correct where it may appear that the hearing was not upon the pleadings alone, and it does not appear that there was any testimony in support of the necessary allegations. But that is not the case here, for the decree recites that it is founded on oral and documentary evidence; and it appears from the appellant's statement that one deposition was

incorporated in the transcript, which he directed the clerk of this court not to print, because the decree did not recite that it was considered by the court below. This is incorrect, because it belongs to the documentary evidence referred to in the decree. Moreover, if a deposition was introduced on the hearing, it should be included in the transcript, whether actually considered by the trial court or not. If excluded by him altogether, as incompetent, it would not form a part of the transcript unless his ruling was excepted to.

It was within the discretion of the trial court, upon proper cause shown, to order the testimony to be taken orally in open court. Code, sec. 1061 [31 Stat. at L. 1356, chap. 854]. Rules D. C. Sup. Ct. 45, 46. See also *Blease* v. *Garlington,* 92 U. S. 1-7, 23 L. ed. 521-523.

In the absence of anything in the record to indicate to the contrary, it will be presumed that the discretion was properly exercised in this case, and that it was not opposed by the appellant.

Doubtless, the proper practice in such cases would be to have the oral testimony reduced to writing, or a fair statement thereof prepared and filed, so that either party may have the benefit of it in case of appeal from the decree as finally rendered. But there seems to be no rule requiring this to be done by the court. Consequently a party aggrieved by the final decree should see to it that the testimony is preserved for inclusion in the transcript on his appeal. *Blease* v. *Garlington,* 92 U. S. 1-8, 23 L. ed. 521-524. The appellee having obtained the decree, which must be presumed to be sustained by the evidence introduced orally under the direction of the court, it would be unreasonable, as well as unjust, to visit upon her the consequences of the failure to have that evidence reduced to writing, so that it could be included in the transcript. If there had been no motion to dismiss, and the case was before us regularly for hearing, we could do nothing but affirm the decree, because of the absence of anything in the record by which its correctness could be tested. If it were not apparent that the defect in the transcript could not be cured, we would suspend action upon

the motion, as was done in *Hunter* v. *Phœnix Mut. L. Ins. Co.* 12 App. D. C. 373, 374 and give the appellant leave to perfect the same. As such leave would avail nothing, the motion will be sustained and the appeal dismissed, with costs. *Dismissed.*