# WELLS *v.* WELLS.

EQUITY PLEADING AND PRACTICE; DIVORCE; CUSTODY OF CHILDREN; JUDICIAL DISCRETION.

1. In a suit for a divorce, where a cross-bill is answered, it may be retained and made the basis of a decree although the original bill is dismissed.
2. And in such a case, although the cross-bill contains no prayer for the disposition of a child of the parties, a prayer to that effect contained in the original bill and repeated in the answer to the cross-bill, is sufficient, under Sec. 747, R. S. D. C., relating to the custody and maintenance of the child.
3. The power of a court of equity in divorce proceedings in respect of children of the parties, is incidental only to the principal subject-matter of the controversy; and no special allegation in the pleadings in relation to the children is required in order to justify the court to provide for their maintenance and support.
4. In such proceedings, in determining to which of the parties the custody of a child will be awarded, the best interest of the child will be considered as paramount.
5. The matter of the award of the custody of a child or children, in such cases, is one almost exclusively of judicial discretion, which will never be reviewed on appeal except when manifestly abused.

No. 704. Submitted October 19, 1897. Decided November 1, 1897.

HEARING on an appeal by the defendant from that part of a decree in a divorce suit, relating to the custody of a child of the parties. *Affirmed.*

*Mr. Arthur A. Birney* for the appellant.

*Messrs. Flora & Rupli* and *Mr. Edward L. Gies* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The appellee, Mrs. Louise C. Wells, filed her bill for divorce from her husband, the appellant, Fenton G. Wells, on the

16th of January, 1897, upon the alleged ground of desertion and failure, on the part of her husband, to furnish maintenance for herself and child; and she prayed for alimony and the custody of her child, a boy some three years and a few months old. The appellant, the husband, answered the bill, denying the charge of desertion and failure to supply means of support to his wife and child, and averred that the wife was then engaged as a clerk in a store in the city of Baltimore, and was earning a comfortable living for herself and child.

The appellant then filed a cross-bill, alleging that his wife, the original complainant, had deserted him, and he alleged that the appellee, his wife, was then and had been for nearly a year then past engaged in the millinery business in the city of Baltimore, and received therefrom a sufficient income to support herself and child. To this cross-bill the appellee filed an answer, denying the material facts charged, and in the answer she averred that she was without means of support for herself and child, and she prayed that the court would award her permanent alimony for their support, *as prayed for in her original bill.* There was proof taken, though it is not contained in the transcript of the record before us; and on the 11th of May, 1897, the court passed a decree dismissing the original bill filed by the wife, but, upon the cross-bill of the husband, the court decreed an absolute divorce of the parties, upon the ground of the "willful desertion and abandonment of the said Fenton G. Wells by the said Louise C. Wells for the full and uninterrupted space of two years prior to the filing of the bill of complaint and cross-bill." And it was further decreed, "that the child, referred to in the pleadings, shall, *until the further order of the court,* remain in the custody of Louise C. Wells, the mother, and the said Fenton G. Wells *be charged with its maintenance,* for which purpose he shall, *until the further order of this court,* pay to said Louise C. Wells the monthly sum of ten dollars, the first payment to be made June 1st, 1897."

From that part of the decree awarding the custody of the child to the mother, and directing alimony to be paid for its support, the husband has appealed.

The cross-bill having been answered by the wife, that bill could be retained and made the basis of a decree for divorce in favor of the husband, notwithstanding the original bill by the wife was dismissed.   *Owen* v. *Owen*, 54 Ga. 526–7; *Musselman* v. *Musselman*, 44 Ind. 106.   And though the cross-bill contained no prayer for the disposition of the child, yet the prayer contained in the original bill of the wife, and referred to and repeated in her answer to the cross-bill, is quite sufficient for the action of the court, under Section 747, of the Revised Statutes of the District of Columbia, which provides that, "The court shall also have power to order and direct, in every case of divorce, who shall have the guardianship and custody of the children of the marriage of the parties divorced, and who shall be charged with their maintenance."

No special allegation in the pleading in relation to the children, is required, as seems to be supposed by counsel for the appellant, in order to justify the court to provide for the custody and maintenance of the children of the marriage dissolved.   All that is necessary to justify the court in acting in respect to the children is, that their situation and circumstances be brought to its attention.   This power of the court in respect to the children of the marriage is incidental only to the principal subject-matter of controversy; and it becomes the duty of the court to act, whether the parents make special application for the custody and maintenance of the children or not.

This is well exemplified in a New Jersey case, of *Snover* v. *Snover*, 10 N. J. Eq. 261.   In that case a bill was filed by the wife against her husband for a divorce *a mensa et thoro*, and for alimony, and the relief was granted.   The bill contained no prayer in relation to the children of the marriage, and the defendant's counsel objected to any inter-

ference with them by the court; but provision, notwithstanding, was made for their care and custody in the decree. The court, in disposing of the objection, said:

"It is true the bill does not pray any decree in reference to their provision or disposition. But their situation is before us, and the decree to be made in this case respecting the parents affects their welfare. It is the duty of the court to protect such of them as require its care."

There can be no doubt or question of the power and jurisdiction of the court below to pass the parts of the decree appealed from. In all such cases, where there has been a decree dissolving the marriage absolutely or only partially, the courts, looking *principally* to the welfare and happiness of the children, will award their care and custody to the one party or the other as will best promote their interest and general welfare. And acting on that princ ple, no certain fixed rule for the government of the courts in all cases can be laid down, other than this, that the best interest of the children must be consulted as paramount. It has been repeatedly declared in such cases, that the courts do not act to enforce the rights of either parent, but to protect the interest and general welfare of the children. 2 Bish. Mar. & Div., Sec. 532 and cases cited; *Barrere* v. *Barrere*, 4 John. Ch. 187; *Goodrich* v. *Goodrich*, 44 Ala. 670; *Prather* v. *Prather*, 4 Desaus. 33, 44. Indeed, the entire matter of the award of the custody of the child or children, and their maintenance, in such case as the present, is one largely, and it may be said almost exclusively, of judicial discretion, and that discretion is never reviewed by an appellate court, except when such discretion has been manifestly abused. *Waring* v. *Waring*, 53 N. Y. 570; *Graft* v. *Graft*, 76 Ind. 136; *Cowes* v. *Cowes*, 8 Ill. 435, 440.

There is nothing shown in the present record to call for a review of that part of the decree appealed from, and it must therefore be affirmed.                    *Decree affirmed.*