# STICKEL *v.* STICKEL.

INFANTS, CUSTODY OF; JUDICIAL DISCRETION.

1. Where the custody of children is involved, the courts do not act to enforce the rights of either parent, but to protect the interest and welfare of the children; *following* Slack v. Perrine, 9 App. D. C. 128, and Wells v. Wells, 11 id. 392.

2. An order in a *habeas corpus* proceeding instituted by a wife against

her husband awarding the custody of their two-year-old child to the mother, against whom no charges were made showing that she was unworthy or incapable of giving the infant proper care, *affirmed* as not showing that the trial court erred in the exercise of its sound discretion.

No. 1077. Submitted May 9, 1901. Decided May 14, 1901.

HEARING on an appeal by the respondent from an order of the Supreme Court of the District of Columbia in an *habeas corpus* proceeding awarding the custody of a child to the petitioner. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Edward L. Gies* for the appellant.

*Mr. Campbell Carrington* and *Mr. Irving Williamson* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The parties to this appeal are husband and wife. They were married in this District on June 17, 1898, and have one child, named Frederick Stickel, who is an infant something more than two years old. Until about March 1, 1901, they lived together in a house occupied by the wife's mother, in the city of Washington. Appellant left the house on account of disagreement with his mother-in-law, and took up his residence with his own mother, who lived a few blocks away. Appellee refused to accompany him, and declined an offer to live with him elsewhere. The child had been ill of scarlet fever before the separation, and, though convalescent on March 20, 1901, was afflicted with a running sore in the ear as a result of that disease. This sore was not dangerous or painful, but required constant cleansing. On that date, the appellant came to the house whilst appellee was absent, carried off the child and put him under the care of his mother, who willingly assumed the burden. There was no complaint

of ill-treatment of the child, nor was there any pretense that the appellee was not a proper and capable person.

Appellee immediately sued out the writ of *habeas corpus,* and obtained an order restoring the child to her possession pending the hearing.

The hearing was had on March 27th, and the court made an order awarding to the appellee the custody and guardianship of the child, with right to visit it reserved to the appellant, until further order might be made. From this judgment the appeal has been prosecuted.

The appellant's assignment of error embraces the two following propositions: First, the husband and father has the right to fix the domicile of the wife and child; second, that the husband and father is entitled to the custody of the child as against the wife and mother who persists in living apart from him without justification.

In our opinion the case does not turn upon either of these contentions. The first, as an abstract proposition, may be conceded. Whatever may be the law elsewhere in respect of the second proposition, it is settled in this jurisdiction that, whether the custody of children be involved in a direct proceeding like this or as an incident of a suit for divorce, " the courts do not act to enforce the right of either parent, but to protect the interest and general welfare of the children." *Wells* v. *Wells,* 11 App. D. C. 392, 395; *Slack* v. *Perrine,* 9 App. D. C. 128, 160.

Bearing this principle in mind, the learned justice who heard the cause, with the parties and the child present, awarded the custody to the mother, against whom, as we have seen, no charges were made tending to show that she was unworthy, or incapable of giving the infant the care best suited to its age and condition of health.

With a like view, the order, though final in its nature so far as the husband's right to appeal therefrom was immediately concerned, reserves the right of renewed inquiry and future control should the interest and welfare of the child hereafter demand a change.

What is best for the child in disposing of its control during

infancy rests in the sound discretion of the trial court, and its exercise thereof will not be reviewed save in a clear case of error. *Wells* v. *Wells,* 11 App. D. C. 392, 395.

Without reviewing the evidence, it is sufficient to say that we find no such error in the conclusion arrived at; and the order appealed from will be affirmed, with costs. It is so ordered. *Affirmed.*

Mr. Chief Justice ALVEY did not participate in the hearing or determination of this case.