## SEELEY *v.* SEELEY.*

---

CONSTITUTIONAL LAW; DECREES; DIVORCE; INFANTS, CUSTODY OF; APPEALS.

1. A decree of divorce of a court of another jurisdiction, awarding the custody of the child of the parties to one of them, passed while the child is in this jurisdiction, does not preclude the courts here from determining the question of the custody of the child; and in a habeas corpus proceeding brought to enforce such foreign decree, the full faith and credit clause of the Constitution is not involved.

2. No certain rule can be laid down to determine the question of the custody of children in divorce proceedings, but the best interest of the children is of primary importance, and the rights of the parents must yield to their interest and welfare.

3. The custody of children is a question largely of judicial discretion, which will not be reviewed unless it has been manifestly abused. (Following *Slack* v. *Perrine,* 9 App. D. C. 128; *Wells* v. *Wells,* 11 App. D. C. 395; and *Stickel* v. *Stickel,* 18 App. D. C. 150.)

No. 1772. Submitted May 8, 1907. Decided December 11, 1907.

---

*Infants—custody of.*—The question of the custody of children when international elements are involved will be found in a note to *Benton's Succession,* 59 L.R.A. 177. See also note to *Lanning* v. *Gregory,* 10 L.R.A.(N.S.) 690.

HEARING on an appeal from a decree of the Supreme Court of the District of Columbia discharging a writ of habeas corpus. *Affirmed.*

The facts are stated in the opinion written by Mr. Justice McComas, which follows.

*Mr. H. Prescott Gatley* and *Mr. Barry Mohun* for the appellant.

*Mr. Henry E. Davis* for the appellee.

The opinion written by Mr. Justice McComas is as follows:

This is a petition in habeas corpus, filed by the appellant, Franklin H. Seeley, seeking to obtain the custody of the son of the appellant and of Blanche L. Seeley, his wife, now divorced. This minor was about twelve years of age. The appellant claims the legal right to the custody of the boy by virtue of certain decrees of the superior court of Cook county, Illinois, in a divorce proceeding between him and the appellee.

On May 15, 1905, the appellant filed his complaint in the last mentioned court, asking an absolute divorce from the appellee, who appeared by counsel.

On May 25, 1905, that court passed a decree divorcing these parties and giving the custody of this child, I. Bromley Seeley, to the mother, except during the month of July of each year, when the father was to have the custody of the child. On July 21, 1906, this decree was modified, and custody of the child was awarded to the father for the remainder of the year. The appellee refused to obey this decree.

On December 8, 1906, the decree was further modified by awarding to the appellant the custody of the child until the last day of December, 1907. This petition was filed to obtain such custody.

It is admitted this child was born November 14, 1895, and that on May 5, 1903, the appellee, bringing her son with her,

left Chicago and came to this District, and that both have continuously resided here since that day, and neither have within that period lived in the State of Illinois. The court below considered the case upon the petition and return "and upon the pleadings, testimony, and agreed statements of fact orally made in open court," and thereupon dismissed this petition. It is not denied that the decree for a divorce was within the power of the superior court of Cook county, Illinois, to pass. The single question in this case is whether such a decree precludes the court below from determining the custody of this child, who was within this jurisdiction when the proceedings for a divorce were instituted in Chicago, and who has remained in this jurisdiction ever since. We are of opinion the Chicago court was without power to pass a decree preventing the court below from deciding concerning the custody and care of this infant, all the while physically within its own jurisdiction. The welfare of infants is a matter of paramount consideration at all times and under all circumstances. Courts of competent jurisdiction will always extend their arms to protect infants. The interest of infants is even paramount to the claim of both parents. This is the predominant question to be considered by the tribunal before whom the infant is brought. The rights of the parents must in all cases yield to the interest and welfare of the infant. No certain rule can be laid down, but the courts must hold the best interests of the children as of primary importance. Their custody is one largely of judicial discretion, and that discretion is never reviewed by an appellate court unless it has been manifestly abused. *Wells* v. *Wells,* 11 App. D. C. 395; *Stickel* v. *Stickel,* 18 App. D. C. 150; *Slack* v. *Perrine,* 9 App. D. C. 128. See also *People ex rel. Hickey* v. *Hickey,* 86 Ill. App. 20; *Kline* v. *Kline,* 57 Iowa, 386, 42 Am. Rep. 47, 10 N. W. 825; *People ex rel. Allen* v. *Allen,* 105 N. Y. 628, 11 N. E. 143.

The full faith and credit clause of the Constitution is not involved in this habeas corpus proceeding. It is unnecessary to discuss other questions raised by appellant's counsel. The order of the court below denying the prayer of the petition and dis-

charging the writ must be affirmed, with costs, and it is so ordered.

PER CURIAM:

This cause had been heard and a conclusion reached, but before the opinion could be delivered by Mr. Justice McComas, upon whom that duty devolved, he became ill and died. The case has been resubmitted, by stipulation of the parties, to the two remaining members of the court.

Their views remaining unchanged, the opinion prepared by Mr. Justice McComas is adopted and filed as the opinion of the court. To make perfectly certain what is indicated in the opinion, it is deemed proper to add to the statement that the record expressly shows that the court below founded his award of the custody of the infant upon what he considered, from all the conditions presented by the evidence, his interests and welfare then demanded.

The order is *affirmed, with costs.*

On January 6, 1908, upon the application of the appellant, an appeal to the Supreme Court of the United States was allowed.

On February 6, 1908, the appeal was withdrawn, and an order made staying the mandate, pending a petition to that court for the allowance of the writ of certiorari.