[L. A. No. 2341. In Bank.—March 1, 1909.]

## LULU M. BEYERLE, Respondent, v. WILLIAM N. BEYERLE, Appellant.

DIVORCE—CUSTODY OF MINOR CHILD—MODIFICATION OF DECREE AWARDING CHILD TO MOTHER.—Where both the interlocutory and final judgment in an action of divorce award the care and custody of a minor child to the mother, but its actual care and custody is assumed by the father, in pursuance of an agreement with the mother, and is retained by him for upwards of two and a half years, when the wife inaugurates a proceeding to regain the custody of the child in accordance with the judgment, alleging therein her fitness and the unfitness of the father to have its custody, and that it is for the best interest of the child that it be returned to her, an answer by the father, in response to a citation issued in such proceedings, in which he sets forth the fact of his care and custody of the child, with the consent of the mother, avers that it would be for its best interests to have the child remain with him, and denies that he is an improper person to have its control, and prays that he be allowed to retain its custody, should not be stricken out. Such answer should be considered as, in substance, an application for the modification of the judgment respecting the custody of the child, which the court has authority to make under section 138 of the Civil Code.

ID.—WELFARE OF CHILD CONTROLLING CONSIDERATION.—The paramount consideration, where the question of the care and custody of a minor child of the marriage is presented, is the welfare of the child.

APPEAL from an order of the Superior Court of Orange County directing a minor child to be given to the custody of its mother. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellant.

H. C. Head, and Homer G. Ames, for Respondent.

ANGELLOTTI, J.—On November 29, 1904, an interlocu-
tory judgment was given by the superior court of Orange
County in an action for divorce by plaintiff against defend-
ant, wherein it was adjudged that plaintiff was entitled to a
divorce, and that plaintiff should have the care and custody
of two minor children, the issue of the marriage, one of
whom was LaVerne Beyerle, a girl, then of the age of four-
teen months. On December 8, 1905, final judgment was
given in said action, the same provision being made therein
as to the custody of the children as was made in the inter-
locutory judgment. No appeal was ever taken from this
judgment, and the parties have ever since been divorced and
separated one from the other. On December 29, 1904, de-
fendant assumed the care, custody, and control of said child,
LaVerne, and has ever since retained such care, custody, and
control. On July 27, 1907, and again on August 3, 1907,
plaintiff demanded of defendant that he surrender the care,
custody, and control of said minor child to her, but he refused
to do so.

This proceeding was inaugurated by plaintiff in said
superior court in August, 1907, by the filing of a petition
wherein she alleged the foregoing facts. She further alleged
that she is a fit and proper person to be awarded the care
and custody of the child, that the defendant is not a fit and
proper person to have such care and custody, and that it is
for the best interest and welfare of said minor child that she
be returned to and remain in the care, custody, and control
of plaintiff. Other allegations we regard as immaterial to
a decision on this appeal. She asked for a citation requiring
defendant to show cause why the court should not make an
order requiring him to return the child to the care and
custody of plaintiff, and also why he should not be punished
for contempt for disobedience of the provisions of said
judgment.

The citation was issued and the defendant, in response
thereto, presented a verified answer. In this answer it was
made to appear that subsequent to the giving of the interloc-
utory judgment, which was based on the default of the de-
fendant,—namely, on December 28, 1904, a written agreement
relative to the custody of the children and division of prop-
erty was executed by the parties, by which the care and cus-

tody of this child was given to defendant. Some question is raised as to the validity of this agreement, it being claimed that the same was against public policy and void, inasmuch as a part of the consideration was the agreement of defendant to withdraw his pending motion for a vacating of the interlocutory judgment, and to allow the final judgment to be given at the expiration of the year without opposition on his part. We regard it as unimportant here whether the agreement was void or not. The important thing alleged in the answer in this connection is that it was with the full consent of plaintiff that defendant on December 29, 1904, assumed the care and custody of the child and retained such care and custody to July 27, 1907, a period of nearly two years and seven months, when the first demand was made by plaintiff. Defendant further alleged that he did not know that any such provision as to custody of this child had been inserted in the final decree, denied that he is not a fit or proper person to have the care, custody, and control of the child, alleged that she has a good home provided by him, is well cared for and content to remain in her present home, and denied that it is for the best interests and welfare of the child that she be returned to the custody of the plaintiff. He therefore asked that he be allowed to retain the care, custody, and control of the child.

Plaintiff then made a motion that the answer of defendant be stricken from the files on the ground that it is sham and irrelevant. This motion was granted, and the court thereupon made an order reciting that it appeared to the court that defendant holds the care, custody, and control of the child contrary to the provisions of the final judgment and decree, "without any lawful cause or reason therefor," and that under said judgment, plaintiff is entitled to such care, custody, and control, and adjudged that the child forthwith be given and restored to the care, custody, and control of plaintiff, and the defendant forthwith deliver the body of said child to plaintiff.

This is an appeal by defendant from said order.

We are of the opinion that the lower court erred in striking out the answer of defendant, and in refusing to consider some of the allegations made by him in support of his claim that the care, custody, and control of the child should be given

to him. The learned judge of that court was apparently of the view that the provisions of the judgment of divorce in regard to the custody of this child were conclusive in this proceeding. In this we are satisfied that he was in error. It may be assumed that as long as the judgment remained unchanged in this regard, it did give plaintiff the legal right to the care, custody, and control of the child. But the answer of defendant was practically and substantially an application for the modification of the judgment in that respect, made in response to the demand and application of plaintiff that the child be delivered to her. The authority of the court to modify provisions in the judgment of divorce relative to the care, custody, etc., of the children of the marriage, as their interests may demand, is too well settled for discussion, and we do not understand that counsel for plaintiff contend to the contrary. Section 138 of the Civil Code provides that in actions for divorce the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody, care, education, maintenance, and support of such minor children as may seem necessary or proper, and may at any time modify or vacate the same. It is furthermore settled beyond dispute and expressly conceded by counsel for plaintiff that the paramount consideration where the question of the custody, etc., of a child of the marriage is presented, is the welfare of the child. This question was squarely presented by the answer to plaintiff's petition, and if it was at all material in the determination of the matter before the court it was, of course, error to refuse to consider defendant's claim in that regard and such evidence as he desired to offer in support thereof. It may be assumed that the question whether or not it was material in this proceeding depended upon the right of the court to consider defendant's answer to plaintiff's petition as an application for a modification of the divorce decree. As we have said, we think it was practically and substantially such an application, and should have been so considered. For more than two and a half years from the date of the interlocutory judgment and more than one and a half years from the date of the final judgment defendant had the actual care, custody, and control of the child with the full consent of plaintiff. When plaintiff

sought to change the actual conditions that had existed for over two and a half years by asking the court for an order requiring delivery of the child to her, he answered her claim by practically asserting, among other things, that it is not now for the best interest or welfare of said child that she be given into the care, custody, and control of plaintiff, and asked that such care, custody, and control remain with him. Unless we are to sacrifice substance to mere form to a degree that would be inexcusable, this was an application for an order the effect of which would be to modify the terms of the decree relative to the custody of the child, an order within the power of the court to make, and one which it was its duty to make if the best interests of the child required that it should be made.

The order of the superior court is reversed and the matter remanded for such proceedings as are not inconsistent with the views here expressed.

Shaw, J., Sloss, J., Beatty, C. J., and Henshaw, J., concurred.