## SNOW v. SNOW.

(Court of Appeals of District of Columbia. Submitted April 5, 1922. Decided May 1, 1922.)

No. 3726.

**1. Divorce ⟨⟩298(1)—Custody of child rests in court's discretion, to be exercised for its welfare.**

The disposition of the custody of the child of divorced parents rests in the sound discretion of the court, subject to the rule that the child's welfare is the paramount thing to be considered.

**2. Divorce ⟨⟩298(1)—Custody of child should not interfere with schooling or estrange from either parent.**

In awarding the custody of a child of divorced parents, it is important that the child's schooling should not be interfered with, if possible, and that nothing should be done which would have a tendency unnecessarily to estrange the child from either of its parents.

**3. Divorce ⟨⟩303(1)—Repeated efforts to change child's custody are regarded with disfavor.**

Repeated efforts by divorced parents to change the provisions for the custody of a child are very detrimental to the building of the child's character, and will be looked on with disfavor, unless the change is sought for grave reasons.

Appeal from the Supreme Court of the District of Columbia.

Suit for divorce from bed and board by Addis H. Snow against Chester A. Snow. From a decree modifying the previous order as to the custody of a minor child, defendant appeals. Modified and affirmed.

See, also, 50 App. D. C. 242, 270 Fed. 364.

George P. Hoover, of Washington, D. C., for appellant.

Henry E. Davis, of Washington, D. C., for appellee.

SMYTH, Chief Justice. This appeal relates to a contest between parents, divorced a mensa et thoro, concerning the custody of their child, a boy 8 years of age. In the decree granting the divorce, which was entered in November, 1917, it was provided that the mother was to have custody of the child, with the right in the father to have it in his custody every Sunday from 10 o'clock in the forenoon until 4 in the afternoon. Later, July, 1920, the parents having been engaged in other litigation in the meantime, the decree was modified, so as to provide that the defendant should have the custody of the child every alternate month during the period of one year, and that during the month that the father had its custody it should be at the home of the mother on each Sunday from 10 in the forenoon until 4 in the afternoon, and during the month the mother had its custody it should be at the home of the father each Sunday between the same hours.

In February, 1921, a motion was made to change this order, and much testimony was received for and against the motion. The order was set aside, and the custody of the child given to the mother, with the right in the father to have its custody on each Sunday between the hours 9:30 a. m. and 7 p. m., until October 1, 1921, and thereafter on

Saturday of each week during the same hours. From this order the present appeal was taken.

We shall not review here the testimony, which took a wide range, on which the order was based, because we cannot conceive of any useful purpose which it would serve.

[1, 2] The disposition of the custody of the child rests in the sound discretion of the court, subject to the rule that its welfare is the paramount thing to be considered. Wells v. Wells, 11 App. D. C. 392; Stickel v. Stickel, 18 App. D. C. 149; Seeley v. Seeley, 30 App. D. C. 191, 12 Ann. Cas. 1058. The child's schooling is an important matter, and should not be interfered with, if possible; yet nothing should be done which would have a tendency to unnecessarily estrange the child from either of its parents, or either of its parents from the child. Care must be taken that the child is not tossed about like a ball between the contesting parties. Consciousness on its part that a struggle, with its inevitable bitterness, takes place at short intervals between its parents, must be very detrimental to the building of the child's character. In view of this we think that the order before us should be modified, so that the mother shall have the custody of the child during the public school year in Washington, and the father its custody on each Saturday during that period between the hours of 9:30 o'clock a. m. and 7 o'clock p. m., the father to provide for obtaining the child at the home of the mother and for returning him thereto at the hour last mentioned, and that the father shall have the custody of the child during the public school vacation period, the mother to have its custody on Sunday of each week during that period between 9:30 a. m. and 7 o'clock p. m., the father to provide for sending the child to the home of the mother and for conveying it back to his home.

[3] We think it proper to add that hereafter this court will, and the lower court, in our judgment, should, look with much disfavor upon any effort to change the order here provided for until the child has reached the age of 12, except where the change is sought for grave reasons.

The order appealed from is modified, as just indicated, and, as so modified, is affirmed; appellant to pay the costs of the appeal.

Affirmed, as modified.