## BARKER v. ALBRIGHT.

### No. 6754.

United States Court of Appeals for the District of Columbia.

Decided Nov. 9, 1936.

M. J. Lane and Joseph D. Malloy, both of Washington, D. C., for appellant.

Daniel C. Eberly, of Washington, D. C., for appellee.

### PER CURIAM.

Appeal from a decree of the Supreme Court of the District of Columbia (now District Court of the United States for the District of Columbia) in a habeas corpus case.

The appellant, William Barker, plaintiff below filed a petition in the lower court for a writ of habeas corpus to secure the custody and control of the person of his infant grandchild, Patricia May Albright, aged eight years, alleging that the child is restrained of her liberty by the defendant, Mary Albright, who has possession of her person and refuses to permit petitioner to take charge of her.

The plaintiff alleged that the parents of the child were Moses C. Albright, who died March 28, 1936, and May Albright, who died August 21, 1928; that petitioner and his wife, Ada Barker, were the parents of May Albright, deceased, the mother of the child, and plaintiff claimed that as the maternal grandparent of the child he is entitled to her custody; and that his means are ample to provide for her care, education and maintenance; and that the interests and welfare of the child will be best served by awarding her custody to him.

The defendant, Mary Albright, in her return to the petition admitted that Patricia is an infant eight years of age and is the plaintiff's grandchild; that the parents of Patricia were Moses C. Albright and May Albright, both now deceased; and that defendant now has the custody and control of the infant.

Defendant further alleged that she married Moses C. Albright, the father of Patricia, approximately five years prior to his death, and lived with him as his wife continuously from the date of their intermarriage until the date of his death; that at the time of their marriage Patricia, then being about three years of age was being cared for in the home of her father, and that since that time the defendant has had the care, custody and rearing of the child; that she has kept her in school, ministered to her religious training, and during the past five years has personally selected her playmates, seeing at all times that she was kept in the proper environment; that the plaintiff during that time never visited the child nor did she visit the plaintiff, nor did plaintiff during that period exhibit any interest in the child's welfare or any love or affection for her.

Defendant alleged that she is willing and anxious to retain the custody and care of the child, and that her means are ample to provide for her education and maintenance; and that under the last will and testament of her deceased husband, Moses C. Albright, she and the child are joint owners of certain real estate situate in the District of Columbia; that her desire to retain the care and custody of the child is because of her love and affection for her and interest in her welfare; and that this custody is in accordance with the wish and request of the father of the child often expressed to defendant and others during his lifetime, and that it is the child's wish that she remain in the custody and care of the defendant.

It thus appears that the present contest is between the maternal grandfather and the stepmother of the child, and that no imputation is made by either against the moral character or social standing of the other.

The case was heard upon the testimony of witnesses, and the court held that the interests and welfare of the infant would be best served by the defendant retaining her custody and control over her. Whereupon the court denied the plaintiff's prayer for a writ of habeas corpus, and the writ as already issued was discharged. From this decree the present appeal was taken.

It is important to note that the record before us contains no bill of exceptions or statement of the evidence heard by the lower court, nor any finding of facts made by the lower court.

█ In our opinion the absence of a bill of exceptions or finding of facts by the court is fatal to the cause of the plaintiff in this appeal. The decree of the lower court was based upon the evidence which was submitted at the hearing of the case, and in the absence of the evidence from the present record we are unable to pass upon the correctness of the court's decision. It cannot be maintained that there is any absolute rule of law holding that the claim of a grandfather to the custody of an infant child is to be preferred over the claim of a stepmother regardless of any and all other circumstances in the case. The true interests and welfare of the infant must remain the primary consideration of the court in every case of this kind. The present issue therefore called for an exercise of the court's discretion based upon the facts and circumstances disclosed by the evidence in the case submitted at the trial.

In Newman v. Newman, 35 App.D.C. 497, this court said: "It is the duty of an appellant to file a sufficient transcript of the proceedings in the court below to enable this court to decide all the questions that may be properly presented. This includes, in an equity case, all of the testimony introduced on the hearing. Failing in this duty, the court may dismiss the appeal, or require, in a proper case, that the defect be supplied; or it may affirm the judgment or decree upon such insufficient transcript."

Accordingly, we dismiss the present appeal, at the cost of the appellant.

Appeal dismissed.