HONISS A. TULL *v.* DOROTHY GALE TULL

[No. 12, January Term, 1937.]

*Decided April 9th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and SHEHAN, JJ.

*Frederick W. C. Webb,* with whom were *Woodcock, Webb, Bounds & Travers* on the brief, for the appellant.

*Seymour O'Brien* and *William B. Rafferty,* with whom were *Miles & O'Brien* and *Miles, Bailey & Williams* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Somerset County, dated September 16th, 1936, passed in a habeas corpus proceeding relating to the custody of Alonzo Eugene Tull, infant son of the parties. The petition for the writ was filed by Dorothy Gale Tull, appellee, against her husband, Honiss A. Tull, the appellant, under section 21, article 42, of the Code. After a hearing the following order was passed: "That further jurisdiction with respect to the custody and control of Alonzo Eugene Tull, infant son of Honiss A. Tull and Dorothy Gale Tull be, and the same is hereby relinquished by this Court and transferred unto the Circuit Court for Somerset County, Maryland, in Equity, in case No. 4826 Chancery,

provided, however, that such child shall remain in the custody of the said Honiss A. Tull until the final order of the Circuit Court for Somerset County, Maryland, in Equity, with respect to the custody of such child, shall be entered in Case No. 4826 Chancery."

Subsequent to filing this habeas corpus proceeding, but before the above order was passed, there was filed in the Circuit Court for Somerset County, in equity, a suit by Dorothy Gale Tull against her husband for a divorce *a mensa et thoro* and for the custody and control of their child.

Authority to pass this order is the principal question here presented, but the appellee also contends that the order is only interlocutory, and does not finally determine any of the matters in issue and is within the discretion of the court and, therefore, no appeal lies from it.

The question is whether the court, having acquired jurisdiction of the subject matter and of the parties, under the habeas corpus proceeding, may relinquish it and transfer it to the equity side of the court, first having temporarily disposed of the custody of the child. As to the custody and control of infants, both of these courts have jurisdiction. The Code, art. 42, sec. 21, relates to the custody and control of infants in habeas corpus proceedings, and article 16, section 80, of the Code, confers authority on courts of equity, independent of proceedings for divorce, to dispose of such custody and control, and article 16, section 39, confers this power in connection with divorce suits between the parents. It seems to be the intent and purpose of the Legislature to confer authority upon the court in habeas corpus proceedings coextensive with that of courts of equity, for in article 42, section 21, it is provided that the court has power and authority, "in as ample a manner as a court of chancery, or judge of a court of chancery upon bill or petition, and may pass such other and further orders in relation to his care and custody as may be deemed just and beneficial." In view of this concurrence of jurisdiction and the right of appeal from both courts, adequate

remedies are provided and may be asserted whenever the circumstances, or changed conditions relating to the welfare of the child, may require it. Courts of equity have jurisdiction over the marital status of the parties, with power to decree divorces, and this very power, when exercised, may be an important factor in determining and awarding the custody of children. There the entire matter of divorce, custody, control, maintenance, and support, would be in the same jurisdiction and, without multiplicity of suits and unnecessary delays, could be expeditiously disposed of, and the future of the child controlled and directed. This jurisdiction is defined and conferred by statute and cannot be enlarged or abridged by the order of the law court under the habeas corpus proceedings. It does not appear that the order appealed from transferred to or conferred upon the court of chancery jurisdiction that it did not already possess, and the order, in this respect, was not effective. Permitting the child to remain with the father, where it was then and had been, until further orders, was obviously the proper course.

The effect of the order, whatever its verbiage, is only to continue the *status quo* during the pendency of the suit in equity and to provide for the custody of the child during that period, by awarding it to the appellant, and the order only has the effect of suspending further proceedings in the habeas corpus proceeding. The order in the habeas corpus proceeding awarded the custody of the child to its father, and from it this appeal is taken, under article 5, section 31, of the Code (as amended by Acts 1927, c. 593), which provides that an appeal may be taken "from any order of any Court in this State the effect of which is to deprive any parent, grandparent, or natural guardian of such child of its care and custody, and upon any such appeal the facts of the case shall be reviewed as in appeals from final decrees passed by Courts of Equity."

There is no testimony in the record with regard to the present welfare and custody of the child and, without it, no rational conclusion could be had by this court under

the statute which provides a review of the evidence and disposition of the child's custody on appeal. Code, art. 5, sec. 31. The custody cannot be disturbed at this time and the parties will be left to litigate their differences in equity, where the question of the divorce of the parties, the custody of the child, its maintenance and support and its general welfare, may be given due consideration and disposed of in view of present circumstances and with such finality and right of appeal as is provided by law. In *Kartman v. Kartman,* 163 Md. 19, 161 A. 269, the opinion of this court, by Judge Sloan, gives full consideration to this subject as it relates to the welfare of the child and the rights of the parents, and in *Durr v. Durr,* 161 Md. 70, 155 A. 188, 189, this court had before it testimony with respect of the fitness of the parents and custodian, and stated: "On the question of the custody of the child, there had been, as stated, a hearing before the same trial judge on a writ of habeas corpus sued out by the wife before she entered the suit for divorce; and the child had then been awarded to the father. The decree of divorce embodied a like order."

The analogy of that case and the case at bar is obvious, and well establishes the principle that an order in a habeas corpus proceeding does not preclude a court of equity from assuming jurisdiction and passing subsequent orders relating to the custody of children as their present welfare and happiness may warrant. In other jurisdictions courts of equity have affirmed the right to pass orders relating to custody, regardless of action previously taken in habeas corpus proceedings. *Duke v. Duke,* 181 Ga. 21, 181 S. E. 161; *Zachry v. Zachry,* 140 Ga. 479, 79 S. E. 115; *In re Morgan,* 117 Mo. 249, 21 S. W. 1122, 22 S. W. 913; *Stewart v. Stewart,* 32 Idaho, 180, 180 P. 165. In *Schouler on Marriage, Divorce and Separation.* (6th Ed.) vol. 2, sec. 1876, it is stated: "The divorce court commonly has jurisdiction over the custody of minor children and is not bound by a previous judgment of another court between the same parties, as the conditions of the parties are constantly changing."

And the above authorities hold generally, that the fact that the parties are becoming divorced, and the marriage status dissolved, is in itself a sufficient change of the facts and circumstances to justify the court in modifying or changing any order made respecting the custody of children looking to their future welfare, since not only the relation but the legal status of the parties will thereby be changed, and this general principle is supported by many cases.

According to these authorities, it would seem that the Circuit Court for Somerset County, in equity, has authority in the divorce case there pending to pass orders relating to the custody of the infant, even though an order had been previously passed in the habeas corpus proceeding. This being true, the appellant was not injured by the order from which this appeal is taken. Without doubt the court of equity may proceed under its general jurisdiction and under the authorities above stated to a complete disposition of the question of divorce and custody, and may pass such orders or decrees as the facts and circumstances may then justify. But it should be observed that it will be the happiness and welfare of the child, at such time as the case in the equity court may come on for hearing, that is to govern the custody of the child, without necessity of considering the past history of the case further than may be reasonably necessary and proper in determining the infant's present welfare.

In conclusion, we hold that the order appealed from does not constitute such a final disposition of the matter as entitles the father to appeal. He was not deprived of the custody of his child, and cannot, therefore, rely upon the statute, article 5, section 31, of the Code (as amended), to sustain his appeal. We find no error in permitting the child to remain in the custody of his father until such custody, maintenance, and welfare, as affected by the result of the divorce proceedings, the changed status of the parties, and other present conditions, may be considered and finally disposed of in a

decree by the chancery court. For the reasons above stated, the appeal will be dismissed and the parties left to pursue their rights in the equity court for Somerset County.

*Appeal dismissed.*