**HOLTSCLAW v. MERCER et al.**

No. 8656.

United States Court of Appeals District of Columbia

Argued Oct. 17, 1944.

Decided Oct. 30, 1944.

Messrs. Maurice Friedman and Maxwell A. Ostrow, both of Washington, D. C., for appellant.

Mr. James R. Kirkland, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

PER CURIAM.

When appellant was only sixteen years of age she gave birth to a female child. A few months later she signed an agreement relinquishing to appellees all of her "rights, claims and title to the said infant as its mother or otherwise." From then on for three and a half years the child remained in the home and custody of appellees. On June 1, 1943, appellant, having in the meantime married, filed this petition for habeas corpus, claiming she had been forced to sign the agreement under duress and was entitled to have possession of her child.

The case was submitted to the District Court after a full hearing on evidence offered by both parties, and the conclusion of the Judge was that the interests of the child, "physically and culturally," would be best served by permitting its custody to be retained by appellees.

We have read the testimony on which the court acted, and in our opinion it sustains the court's conclusion. In such circumstances we should be slow to substitute our own view—even if strongly to the contrary—for that of the Judge who saw the parties and heard them testify.

'For nearly half a century the established rule in this jurisdiction has been that the rights of the parent to the child are secondary to the welfare of the child. Its well-being as we have said time and again, is the paramount consideration.[1] Hence it is that, in all cases such as this, what is best for the child, rather than the natural right of the parent, is the controlling factor. Applying the rule in the instant case, we are of opinion that the trial court wisely exercised its discretion in preserving the status quo. Accordingly the judgment appealed from should be and is affirmed.

Affirmed.

---

[1] Seeley v. Seeley, 30 App.D.C. 191, 12 Ann.Cas. 1058.