**BOONE v. BOONE et al.**

No. 8873.

United States Court of Appeals
District of Columbia.

Decided June 11, 1945.

Mr. Louis M. Denit, of Washington, D. C., with whom Messrs. A. Leckie Cox, Thomas S. Jackson, and John B. Shipman, all of Washington, D.C., were on the brief, for appellant.

Mr. Richard E. Wellford, of Washington, D. C., with whom Mr. Lawrence Koenigsberger, of Washington, D. C., was on the brief, for infant appellees.

Mr. Thomas H. Patterson, of Washington, D. C., for appellee Daniel F. Boone.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

MILLER, Associate Justice.

In the District Court a suit was brought on behalf of two young children, appellees

herein, by their next friend to determine their custody. The court found that (1) the children have resided, actually and continuously, in the District of Columbia with their father since November 1940; (2) the children have a strong attachment for their father, are thoroughly accustomed to their present home; their associations and environments are of the best; they are well established in excellent schools and reside in close proximity to excellent Army hospitals, to which they have access as children of an Army officer; (3) the older child does not wish to live with the mother but, instead, prefers to remain with his father; (4) the younger child does not even remember her mother; (5) the devoted care of the father for the last five years has brought about an adjustment in the lives of the children which insures their continued welfare and happiness; (6) the testimony of appellees' witnesses as to the unfitness of the mother to take over the care and custody of the children is substantially true; (7) the testimony of appellant and her witnesses is unconvincing. The court concluded that the present welfare of the children would be best served by awarding custody to the father. It entered judgment accordingly; at the same time giving to the mother the right to visit them at times mutually convenient.

■ Appellant says that although the present action was brought in the name of the children, it was in fact a continuation of litigation between the parents; that judgments adverse to the father, both in North Carolina and in the District,[1] which he has failed to obey, are res judicata of the present case; hence, that the District Court was without jurisdiction, or, in the alternative, should have refused to exercise jurisdiction. This contention misses the point.[2] That parents have quarreled, litigated, or contested custody may constitute circumstances for the consideration of the trial court, but does not foreclose jurisdiction.[3] Neither is the question one of a convenient or inconvenient forum.

■ These children, being in the District of Columbia, are subject to the jurisdiction of its courts.[4] The question for the trial court is the welfare of the children. This consideration overrides all others, even where, unlike the present case, the proceeding is in habeas corpus.[5] The rights of the parents, in all cases, must yield to the interest and welfare of the children.[6] If the pleadings and evidence revealed a situation which required action, it was the duty of the court to act in behalf of these children and for their protection, regardless of anything previously said or done by any court.[7] Our function under

---

[1] Boone v. Boone, 76 U.S.App.D.C. 399, 132 F.2d 14, certiorari denied, 319 U.S. 762, 63 S.Ct. 1319, 87 L.Ed. 1713. This court entered its opinion and judgment on November 30, 1942. A petition for rehearing was filed December 15, 1942 and denied December 22, 1942. Petition for certiorari was filed April 30, 1943. Certiorari was denied on June 1, 1943 and the mandate of this court issued on June 4, 1943. In the meantime, the complaint in the present case was filed on April 8, 1943 in the District Court by their next friend. It was alleged therein that the mandate of this court had not yet come down; that the children feared that their father, upon the coming down of the mandate, would deliver them to their mother and that they would be taken from their domicile and jurisdiction of this court and the jurisdiction of the District Court. On the same day, April 8, 1943, the District Court enjoined the surrender of custody of the children by the father to the mother pending determination of this suit.

[2] Stickel v. Stickel, 18 App.D.C. 149, 151: " * * * it is settled in this jurisdiction that, whether the custody of children be involved in a direct proceeding like this (habeas corpus) or as an incident of a suit for divorce, 'the courts do not act to enforce the right of either parent, but to protect the interest and general welfare of the children.' Wells v. Wells, 11 App.D.C. 392, 395; Slack v. Perrine, 9 App.D.C. 128, 160."

[3] See Note, Custody Awards and Their Recognition in Other Jurisdictions (1932) 80 U. of Pa.L.Rev. 712, 713.

[4] Boone v. Boone, 76 U.S.App.D.C. 399, 400, 132 F.2d 14, 15, certiorari denied, 319 U.S. 762, 63 S.Ct. 1319, 87 L.Ed. 1713.

[5] Holtsclaw v. Mercer, 79 U.S.App.D.C. 252, 145 F.2d 388; Sardo v. Villapiano, 65 App.D.C. 121, 122, 81 F.2d 255, 256 and cases cited; Stickel v. Stickel, 18 App.D.C. 149, 150 and cases cited; Barker v. Albright, 66 App.D.C. 296, 297, 86 F.2d 852, 853; Seeley v. Seeley, 30 App.D.C. 191, 193, 12 Ann.Cas. 1058; In re Adoption of a Minor, 79 U.S.App.D.C. 191, 144 F.2d 644, 652; see Brown v. Brown, 77 U.S. App.D.C. 73, 75, 134 F.2d 505, 507.

[6] Seeley v. Seeley, 30 App.D.C. 191, 193, 12 Ann.Cas. 1058.

[7] Cook v. Cook, 77 U.S.App.D.C. 388, 390, 135 F.2d 945, 947; Mylius v. Cargill, 19 N.M. 278, 283, 142 P. 918, 920, L.R.

such circumstances is, only, to review the question whether the trial court properly exercised its discretion with a view to the present welfare of the children.[8]

Undoubtedly, the presumption that small children are better off with their mother is entitled to weight.[9] But in the present case, Mrs. Boone voluntarily surrendered the custody of these children in 1940 when they were, respectively, five and two years old; they were taken to Washington, D. C., by their father at that time, and have lived there with him ever since. The mother had seen the children so infrequently between 1940 and the time of trial in 1944 that the younger child did not know her and the older child had no desire to live with her. The evidence is in serious conflict as to the reason for the mother's seeming indifference to her children during their tender years; but it is apparent that neither financial inability nor conflicting duties prevented her from seeing them. The record seems clear, as the trial court found, that the children have great affection for their father and he for them; that they are happy in their home, neighborhood and school life.[10]

Although the present proceeding is in the name of the children, appellant's argument is pitched, largely, upon the adversary rights of the parents; much weight is given to judgments entered, orders issued and disobeyed. We may as well recognize that such considerations are very unreal in the case of parents and children. In doing so we do not for a moment sanction kidnapping or encourage contempt of court. The important consideration is that when a court is confronted with a question of custody, it is required to act as parens patriae.[11] Under such circumstances, children cannot be used as pawns in a game of legal chess to work out conceptions of status and property rights.[12]

In some of our decisions we have spoken of changes, in the circumstances which there surrounded children, as indicating whether or not orders should be entered changing custody.[13] A necessary limitation upon the suggested test was succinctly stated by Judge Edgerton in the earlier Boone case:[14] "This is simply to say that we should not needlessly thresh over old straw, but should apply the doctrine of res judicata as far as the nature of the case permits." A custody award is subject to change, in the court in which it was made, upon a proper showing, so long as the court has control of the child. When the child comes under the control of another jurisdiction, its courts have equal power. Whichever court exercises that power should respect the earlier judgment, to the extent that issues there presented were then judicially determined.

A.1915B, 154, Ann.Cas.1916B, 941: "The welfare of the child may be best subserved at one time by awarding its custody to one parent, and at another time just the opposite course should be taken. These judgments are, necessarily, provisional and temporary in character and are, ordinarily, not res judicata, either in the same court or that of a foreign jurisdiction, except as to facts before the court at the time of the judgment."

[8] Cook v. Cook, 77 U.S.App.D.C. 388, 389, 135 F.2d 945, 946; Stickel v. Stickel, 18 App.D.C. 149, 151, 152; Wells v. Wells, 11 App.D.C. 392, 395; Seeley v. Seeley, 30 App.D.C. 191, 193.

[9] Sardo v. Villapiano, 65 App.D.C. 121, 81 F.2d 255.

[10] Snow v. Snow, 52 App.D.C. 39, 40, 280 F. 1013, 1014: "The child's schooling is an important matter, and should not be interfered with, if possible; yet nothing should be done which would have a tendency to unnecessarily estrange the child from either of its parents, or either of its parents from the child. Care must be taken that the child is not tossed about like a ball between the contesting parties.

Consciousness on its part that a struggle, with its inevitable bitterness, takes place at short intervals between its parents, must be very detrimental to the building of the child's character."

[11] Griffin v. Griffin, 95 Or. 78, 93, 187 P. 598, 604; In re Hudson, 13 Wash.2d 673, 697, 126 P.2d 765, 777; Kartman v. Kartman, 163 Md. 19, 21, 161 A. 269, 270; Ex parte Newkosky, 94 N.J.L. 314, 116 A. 716; cf. In re Adoption of a Minor, 79 U.S.App.D.C. 191, 144 F.2d 644; Overholser v. Treibly, 79 U.S.App.D.C. 389, 147 F.2d 705.

[12] Brown v. Brown, 77 U.S.App.D.C. 73, 75, 134 F.2d 505, 507; In re Rosenthal, 103 Pa.Super. 27, 32. 33, 157 A. 342, 344; Kartman v. Kartman, 163 Md. 19, 21, 161 A. 269, 270; Gardner v. Hall, 132 N.J. Eq. 64, 81, 26 A.2d 799, 809.

[13] Rosenberger v. Rosenberger, 68 App. D.C. 220, 95 F.2d 349; Boone v. Boone, 76 U.S.App.D.C. 399, 132 F.2d 14; Cook v. Cook, 77 U.S.App.D.C. 388, 135 F.2d 945.

[14] Boone v. Boone, 76 U.S.App.D.C. 399, 401, 132 F.2d 14, 16.

To that extent the doctrine of res judicata and the full faith and credit clause should apply. When changes in circumstances have intervened, they may indicate the need for a new award of custody. When an earlier award has been made, casually, upon a consent basis, or without full inquiry—or when the decision, and the record back of it, reveals that it is based upon considerations of illegality of detention, res judicata and other such formulae—that decision is entitled to little weight in another court which, later, faces squarely the question of the child's present welfare.[15]

Thus, in the Cook case,[16] as in the present case, a parent who had actual custody of children in the District of Columbia defied a court order. In that case, the proceeding was in habeas corpus, but we held, nevertheless, that "the children are now in the District of Columbia and the court here not only has jurisdiction but owes the duty to protect them and do the thing which appears to be best for them without regard to anything any other court has previously done." This is not only the well-established practice in the District of Columbia, but in other jurisdictions as well.[17] In an even more recent case[18] in habeas corpus, we said: "For nearly half a century the established rule in this jurisdiction has been that the rights of the parent to the child are secondary to the welfare of the child. Its well-being, as we have said time and again, is the paramount consideration. Hence it is that, in all cases such as this, what is best for the child, rather than the natural right of the parent, is the controlling factor."

Appellant urges that a decision rendered by a North Carolina court in 1942[19] finding the father delinquent in his management of a trust fund should weigh heavily against him in balancing the factors which should determine the welfare of the children. Appellant's counsel, also, presented evidence in the form of a judgment of the Superior Court of North Carolina finding appellee guilty of mismanagement of another trust fund. The trial court permitted him to testify concerning the latter judgment that he was not personally served in the suit, was not present at the trial and that his acts in that case were known, participated in, and approved by appellant and other interested parties. During the whole period of this continuing litigation, appellee was an Army officer in active service and stationed in Washington, D. C. In weighing this, and all other evidence, the trial court had no easy task to perform; the evidence revealed that both parents were somewhat less than perfect. If the court had concluded that neither was capable of exercising custody, it might have denied the prayers of each.[20]

We have no desire to set out in this opinion further derogatory testimony; and we see no reason to make any further record of charges and countercharges between these parents, which might cloud the future life of the children. We have said recently, as we have said, in substance, many times before: "* * * we should be slow to substitute our own view—even if strongly to the contrary—for that of the Judge who saw the parties and heard them testify."[21] But in view of the history and present circumstances of this litigation, we are not satisfied that the decision

[15] Cook v. Cook, 77 U.S.App.D.C. 388, 390, 135 F.2d 945, 947; Tull v. Tull, 172 Md. 213, 217, 191 A. 572, 574, 110 A.L.R. 742: "* * * an order in a habeas corpus proceeding does not preclude a court of equity from assuming jurisdiction and passing subsequent orders relating to the custody of children as their present welfare and happiness may warrant. In other jurisdictions courts of equity have affirmed the right to pass orders relating to custody, regardless of action previously taken in habeas corpus proceedings. * * * In Schouler on Marriage, Divorce and Separation (6th Ed.) vol. 2, Sec. 1876, it is stated: "The divorce court commonly has jurisdiction over the custody of minor children and is not bound by a previous judgment of another court between the same parties, as the conditions of the parties are constantly changing.'"; Wear v. Wear, 130 Kan. 205, 224, 225, 285 P. 606, 615, 616; Griffin v. Griffin, 95 Or. 78, 187 P. 598; Beyerle v. Beyerle, 155 Cal. 266, 100 P. 702.

[16] Cook v. Cook, 77 U.S.App.D.C. 388, 390, 135 F.2d 945, 947.

[17] See Kartman v. Kartman, 163 Md. 19, 21, 161 A. 269, 270; Tull v. Tull, 172 Md. 213, 217, 191 A. 572, 574, 110 A.L.R. 742, and cases cited.

[18] Holtsclaw v. Mercer, 79 U.S.App.D. C. 252, 145 F.2d 388.

[19] Cf. Lightner v. Boone, 222 N.C. 205, 22 S.E.2d 426, affirmed 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587.

[20] Church v. Church, 50 App.D.C. 237, 238, 270 F. 359, 360.

[21] Holtsclaw v. Mercer, 79 U.S.App.D.C. 252, 145 F.2d 388.

of the trial judge should be made upon the adversary evidence presented to him. The court should require that the interests of the children be brought fully before it.[22]

We think that, for this purpose, in a custody case of the present character, the court, if possible, should call to its aid experienced and disinterested persons, such as its probation officers or the trained social workers in the Board of Public Welfare,[23] to make an unbiased examination of the qualifications of these parents and of the circumstances which surround these children. We realize that the suggested procedure is new and one which the Court may very properly have hesitated to initiate on its own motion. But it is in line with well-recognized procedures in other cases in which the court acts as parens patriae. In our opinion, nothing less will suffice for a proper determination of the present case.

The case will be remanded with instructions to proceed accordingly.

Reversed.

---

[22] Cf. Barnes v. Paanakker, 72 App.D.C. 39, 44, 111 F.2d 193, 198.

[23] Cf. In re Adoption of a Minor, 79 U. S.App.D.C. 191, 144 F.2d 644.