**Elijah M. SEIDENBERG, Appellant,**

v.

**Martha E. SEIDENBERG, Appellee.**

**No. 12336.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 25, 1955.

Decided Feb. 24, 1955.

Mr. Charles F. O'Neall, Washington, D. C., for appellant.

Mr. Allan Fisher, Washington, D. C., for appellee.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a judgment of the District Court, whereby the custody of the five minor children of the parties was awarded to the plaintiff mother (appellee here), with rights of visitation. Maintenance for the children was also ordered. The action was instituted by the plaintiff against her husband, defendant (appellant here), to obtain custody of the children and for their maintenance. The plaintiff testified that, at a time when she had possession of the children, the defendant "went down to that school [which three of the children attended] * * * took the three children after they got off the school bus", and kept possession of them. The court, on final hearing, determined that the best interests of the children required that they remain with the mother, awarded custody of all five children to her, with rights of visitation to the father, and directed payment by the father toward their maintenance and support.

It is first contended that the District Court has no jurisdiction, absent a matrimonial action, to decide between parents in so far as the custody of children is concerned. We disagree. Such jurisdiction has been exercised on many occasions, one of the latest cases being that of Boone v. Boone, 80 U.S.App.D.C. 152, 150 F.2d 153. See also Stickel v. Stickel, 18 App.D.C. 149 (a habeas corpus proceeding in which the facts are similar to those of this case).

It seems to us to make no difference that the instant proceeding is not one in habeas corpus. As in Boone, this case was commenced by the filing of a "com-

plaint". It is true that in Boone the complaint was ostensibly filed in the name of the children by next friend, but that case actually involved a dispute between mother and father as to the custody of the children, and so developed during the course of the litigation.

Surely where, as here, the parents have separated and the children have been and may continue to be taken by first one parent and then the other, either by force or by stratagem, the court is under the duty "to act in behalf of these children".[1]

Holding, as we must, that the trial court had jurisdiction, we have examined the record to determine whether or not the facts and conclusions of the trial judge were clearly erroneous, because, otherwise, we must affirm. Rule 52(a), F.R.Civ.P., 28 U.S.C.A. The trial court had the opportunity to observe the parties, as well as other witnesses, conferred with the children, by consent, in the presence of counsel for both parties, and reached the conclusion that the children would be better off with the mother and that all five children should be kept together, with reasonable rights of visitation on the part of the father. We find no error.

Defendant also complains that the children were not within the jurisdiction of the court at the time of the filing of the complaint. The fact is that the children were only temporarily in Maryland. They had lived in the District of Columbia until their parents separated on October 30, 1952, on which date the mother took the children and temporarily obtained shelter with relatives in Maryland. Both parents were within the jurisdiction of the court at the time of the filing of the complaint, the father by actual presence and residence, and the mother being only temporarily and of necessity absent. The District of Columbia courts are better able than any other, under the circumstances of this case, to settle the dispute. As a matter of fact, at the time of the trial, plaintiff had obtained employment and occupied a dwelling house in the District, where she is now able to maintain all five children.

Defendant also complains that the court advanced the case for trial. He does not show that he was in any way prejudiced by the advance for trial. Matters of this sort are within the discretion of the trial court, and there was no abuse of this discretion.

The other errors alleged by appellant have been considered but we find no error affecting substantial rights.

Affirmed.

---

1. Boone v. Boone, supra [80 U.S.App.D.C. 152, 150 F.2d 154].