Beatrice KNIGHT, Appellant,

v.

Percy L. KNIGHT, Appellee.

No. 1989.

Municipal Court of Appeals for the
District of Columbia.

Argued June 10, 1957.

Decided July 18, 1957.

Gordon J. Myatt, Washington, D. C.,
with whom William C. Darden, Washington, D. C., was on the brief, for appellant.

Luke C. Moore, Washington, D. C., for
appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant wife filed a complaint against
the appellee husband, for separate maintenance for herself and children and for the
latter's custody. At the hearing the wife
and husband testified, as well as the wife's
sister. The court found that the husband
and wife were living apart; that they were
parents of three children, a boy 6 years, and
two daughters, 4 years and 16 months, respectively; and that the husband had present custody of the children. It entered a
judgment providing that the husband
should retain custody "for the present
time" and that he should support the children and take them to visit their mother at
certain times. The wife appeals.

The universal rule in custody
cases is well summarized by the United

States Court of Appeals in Wells v. Wells[1] where the court said:

" * * * where there has been a decree dissolving the marriage absolutely or only partially, the courts, looking *principally* to the welfare and happiness of the children, will award their care and custody to the one party or the other as will best promote their interest and general welfare. And acting on that principle, no certain fixed rule for the government of the courts in all cases can be laid down, other than this, that the best interest of the children must be consulted as paramount. It has been repeatedly declared in such cases, that the courts do not act to enforce the rights of either parent, but to protect the interest and general welfare of the children. (Citing authorities.) Indeed, the entire matter of the award of the custody of the child or children and their maintenance, in such case as the present, is one largely, and it may be said almost exclusively, of judicial discretion, and that discretion is never reviewed by an appellate court, except when such discretion has been manifestly abused." (Citing authorities.)

██ This rule has been consistently followed in this jurisdiction.[2] Even where custody was in dispute between the mother of a child and persons to whom she had relinquished it, our Court of Appeals adhered to the same doctrine in affirming a decision adverse to the mother.[3] The testimony in this case certainly does not indicate that the trial judge deviated from the foregoing rule, or in any way abused his discretion, in leaving the children with the father.

Counsel for the wife agrees the law is that the primary consideration in custody cases is the welfare and best interests of the children and that a decision in this regard rests within the discretion of the court, but he contends that such a rule was not followed in this case and that the court, in awarding custody to the father, was motivated by a desire to bring about a reconciliation of the parties and thus "placed itself in the role of a mediator attempting to force a reconciliation by means of the minor children." He cites as a basis for his contention the following language used by the court in its finding:

"The Court is not going to separate these three children, give him the boy and you the two girls. I am going to keep them together, if possible, to see how it works. *And this may be the means of you two getting together again.* Both of you owe an obligation to these three children." (Emphasis supplied.)

We are not prepared to say that this statement, even taken alone, demonstrates that the court decided the custody question on a ground other than the best interests of the children, but when we study the language following the criticized statement, we have no difficulty in holding that the trial judge unquestionably followed the proper norm as laid down by the authorities. Immediately following the statement in question the court said:

"And the Court is also interested in hearing from counsel if there is any complaint about these children not being supported properly. The Court is not going to let these children become a ward of the Board of Public Welfare, if it can help it.

* * * * * *

"So, the final provisions of the order are that until further order of the Court, the custody is left in the father,

1. 11 App.D.C. 392.

2. Snow v. Snow, 52 App.D.C. 39, 280 F. 1013; Seeley v. Seeley, 30 App.D.C. 191, 12 Ann.Cas. 1058, certiorari denied 209 U.S. 544, 28 S.Ct. 570, 52 L.Ed. 919.

3. Holtsclaw v. Mercer, 79 U.S.App.D.C. 252, 145 F.2d 388.

with the proviso that the wife is to have the right of visitation and to have the children as indicated.

\* \* \* \* \* \*

"And at any time thereafter, if you gentlemen find out that this doesn't work, the children are not being properly taken care of, you come back."

And the court concluded:

"It is to the present interest of the children at the present time that, until further order of Court, that they remain with the father, with the right of visitation as indicated."

We think it is clear that the court based its finding on its justifiable belief that the welfare of the children would best be served by awarding their custody to the father, and that the statement counsel criticizes simply indicates a wholesome wish that the mutual affection the mother and father had for the children might well be a potent factor in effecting a reconciliation between them.

Affirmed.