Fannie SEIDENBERG et al., Appellants,

v.

Martha E. SEIDENBERG, Appellee.

No. 13346.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 2, 1957.

Decided Oct. 10, 1957.

Petition for Rehearing Denied Nov. 13, 1957.

Mr. Charles F. O'Neall, Washington, D. C., for appellants.

Mr. Arthur L. Willcher, Washington, D. C., filed a brief on behalf of appellee, and appellee's case was treated as submitted thereon.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This is the third occasion on which this litigation between these parties has been before this court.[1] Appellants here ask us to reverse our rulings in the two previous cases. We adhere to those rulings.

Appellants also ask us to determine whether the invasion of the bequest is contingent upon a showing that the beneficiary has refused to support his children and a showing that the funds so sought would be for the support of the children. We think these facts sufficiently appear in the record.

Appellants question whether the District Court could enter a judgment on an *in personam* claim in a support decree under the circumstances disclosed by the record in this case. Appellants' question is answered by the cases of Kephart v. Kephart, 89 U.S.App.D.C. 373, 193 F.2d 677, and Brown v. Brown, 92 U.S.App. D.C. 319, 205 F.2d 720.

Finally, appellants object to that part of the decree subjecting to execution under garnishment proceedings the portion of the trust fund not immediately due. This is answered by § 15–312, D.C. Code 1951, providing that if credits attached shall not be immediately due and payable, execution shall be stayed until the same become due. This is what the District Court ordered.

As we find no error, the judgment of the District Court is

Affirmed.

---

1. Seidenberg v. Seidenberg, 95 U.S.App. D.C. 87, 219 F.2d 769; Seidenberg v. Seidenberg, 96 U.S.App.D.C. 245, 225 F. 2d 545. The facts regarding this unfortunate litigation sufficiently appear in the decisions of these two cases.