GEORGE DE ANGELIS ET UX. *v.* FRANCES W. KELLY, ET AL.

[No. 60, October Term, 1944.]

*Decided December 20, 1944.*

184

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and
HENDERSON, JJ.

*Marion A. Figinski* for the appellants.

*H. Clifton Owens* and *Lester L. Barrett* for the appellees.

MARBURY, C. J., delivered the opinion of the Court.

This is an appeal from an order of Judge Dickerson, sitting in the Baltimore City Court. It was passed in a habeas corpus case, brought by the appellees, to determine the custody of an infant. The appellants are the mother and adopting father of the child, and the appellee, Frances W. Kelley, is a great aunt. Mrs. Kelly had the custody of the child from the time she was three months old, until November, 1943, when she was transferred to the appellants on writ of habeas corpus, by Judge Moylan, sitting in the Baltimore City Court. She is now about four and one-half years old. After the decision by Judge Moylan, the appellants filed a petition in the Circuit Court No. 2 of Baltimore City, and on January 24, 1944, Judge Conwell Smith, sitting in that Court, by his decree, directed her adoption by the appellants, one of whom, as previously stated, was her natural mother. The order appealed from in this case, passed on May 5, 1944, gives the child to Mrs. Kelly from 10 A. M. on Saturday of each week until 6 P. M. on the following Sunday, and to the appellants for the remainder of the time.

The appellants contend that Judge Dickerson had no power to pass upon the case, since, by Chapter 818 of the Acts of 1943, the Circuit Court of Baltimore City was given jurisdiction in juvenile causes, and the Judge of the Supreme Bench of Baltimore City, assigned to exercise such jurisdiction (who is not Judge Dickerson), was given original and exclusive jurisdiction concerning any child who is dependent, delinquent, neglected or feeble-minded.

Chapter 818 is a comprehensive statute conferring special jurisdiction in juvenile and related causes to the Circuit Court of Baltimore City, directing the Supreme Bench to assign a judge to exercise such jurisdiction, who need not be subject to rotation as are the other judges, and who is given, by Section 420 (C), except as otherwise provided in the Act, "original, exclusive jurisdiction concerning any child who is dependent, delinquent, neglected or feeble-minded." In the same section 420 (C), there is this sentence, "Nothing herein contained shall deprive other courts of the right to determine the custody of children upon writs of habeas corpus or to determine the custody or guardianship of children when such custody or guardianship is incidental to the determination of cases pending in such other courts."

The proceeding in this case was taken under Section 21 of Article 42, title "Habeas Corpus", of Flack's Annotated Code, 1939. That section was enacted in its present form by Chapter 70 of the Acts of 1890 and originally by Chapter 57 of the Acts of 1886. It has been used extensively throughout the State, for nearly 60 years, for the purpose of determining the proper custody of children. Prior to its enactment, minors were, of course, subject to the application of the writ of habeas corpus, just as are all other persons, with respect to the legality of their custody and control. Section 21, however, gave the Court or the Judge a parental character. The custody of the minor was to be determined without regard to any technical claim, and the court was to be guided and controlled by what was for the best

interest of the child. The section has been discussed and interpreted in two recent cases by this Court. *Tull v. Tull,* 172 Md. 213, 191 A. 572, and *Piotrowski v. State,* 179 Md. 377, 18 A. 2d 199. The Court below had full power, under this section, to determine what should be done with the minor, and to pass the order complained of, and this power is expressly excepted by the provisions of 420 (C) of Chapter 818 from the exclusive jurisdiction conferred by that Act.

There are a number of statutes affecting the custody of minors, in addition to Chapter 818 of the Acts of 1943. There are in force Sections 19, 20 and 21 of Article 42 and also Section 85 of Article 16 which gives equity courts jurisdiction, on petition of anyone interested, to determine the proper custody of minors.

In addition the custody of children whose parents were having difficulties with each other is determined in the divorce courts, Article 16, Section 41, and the criminal courts also have cases before them, in which it becomes necessary to dispose of the custody of those under age.

The situation which exists, by reason of these several statutes, is exemplified in the case before us. Here we have one judge passing an order in November, 1943, giving the custody of the child to her mother, one of the appellants. She is then adopted by the other appellant in pursuance of an order signed by another judge. Then on another writ of habeas corpus, issued by a third judge, she is taken from her parent and her adopted parent for two days a week. Undoubtedly, each of these orders represents the best judgment of the learned judge passing it, in view of the testimony before him, but as long as that procedure can be followed, there is nothing to prevent a disappointed party in each habeas corpus hearing from trying another judge who might reach a different conclusion. Thus the child can be shifted from one set of custodians to another, during her entire minority. That is one of the things that juvenile courts are supposed to prevent, but all of these statutes are still in effect by the terms of the Baltimore juvenile court

statute. Any change in this situation is, of course, for the Legislature, and not for the Courts to decide.

We have reviewed the evidence in this case, and giving full weight to the fact that the lower court saw the witnesses, we are unable to agree with its conclusions. In the absence of injury to the child, she should be left with her parents. If harm is resulting, she should be taken away. A divided custody results in friction and reacts badly on the child herself. We cannot find from the testimony that her parents are not giving her the care to which she is entitled from those in their station in life, and we think she should be left with them. The Court, however, should retain jurisdiction, so that it can act if circumstances should change.

*Order reversed, and case remanded for the passage of an order in accordance with this opinion. Costs to the appellants.*