Ellen J. EHRLICH, Appellant,

v.

Martin H. PERPER, Appellee.

No. 3070.

District of Columbia Court of Appeals.

Argued Feb. 18, 1963.

Decided March 21, 1963.

John Alexander, Washington, D. C., with whom Walter W. Johnson, Jr., and Samuel B. Groner, Washington, D. C., were on the brief, for appellant.

Jean M. Boardman, Washington, D. C., with whom Earl M. Foreman and Irwin H. Liptz, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

This proceeding was a contest between a father and a mother, now divorced and both remarried, for custody of their three young children. As would be expected, the contest was bitter and hard fought. After a hearing of several days the trial court awarded custody to the father.

■ The mother has appealed and earnestly asserts that she was denied a fair and impartial hearing "by reason of the bias and prejudice exhibited toward her case by the trial judge." Counsel for the father concedes in his brief that "the trial below was conducted in a manner that at times fell considerably below the level of ideal judicial decorum and restraint." A careful reading of the nearly 500 pages of the reporter's transcript discloses beyond any question that the trial judge failed to fully maintain that atmosphere of judicial calm and impartiality so much to be desired in all court proceedings, and in some instances was unnecessarily harsh in questioning the mother and in exchanges with her counsel.

When a trial judge indulges in injudicious behavior and intemperate language, it is only natural that a losing litigant leaves the court with a deep-rooted feeling that he or she has been denied a fair and impartial hearing. A trial judge can and should, by a judicious manner coupled with the use of temperate language, avoid lending substance to such a feeling.

Although there is much in the record which meets our disapproval, we are slow to reverse unless we reach a firm conviction that incidents occurring during the trial, deplorable as they may be, demonstrate in fact the absence of a fair hearing. A reading of the entire record fails to bring us to that firm conviction.

Affirmed.