**Ellen J. EHRLICH, Appellant,**

**v.**

**Martin H. PERPER, Appellee.**

**No. 17748.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 10, 1964.

Decided July 9, 1964.

Petition for Rehearing en Banc Denied Oct. 1, 1964.

Mr. John Alexander, Washington, D. C., with whom Mr. Walter W. Johnson, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Jean M. Boardman, Washington, D. C., with whom Mr. Irwin H. Liptz, Washington, D. C., was on the brief, for appellee.

Before DANAHER, BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

This case in the Domestic Relations Branch presented issues concerning the custody of three young children. The father and mother, now divorced and both remarried, engaged in litigation which the District of Columbia Court of Appeals

described as "bitter and hard fought."[1] The trial judge awarded custody to the father. The mother asserted that she had been denied a fair and impartial hearing by reason of "bias and prejudice" exhibited by the trial judge.

The District of Columbia Court of Appeals deprecated "injudicious behavior and intemperate language" upon the part of the trier but concluded it was unable to reach "a firm conviction that incidents occurring during the trial, deplorable as they may be," had demonstrated the absence of a fair hearing.

On brief in this court counsel for the appellee with commendable candor felt bound to concede that he "had a personal and professional aversion to the manner in which [the trial judge] had conducted proceedings in his court, not only in the Perper case but generally." We omit other details since we are satisfied that all concerned are sufficiently cognizant of the grounds upon which an attack had been levied upon the conduct and the attitude of the trier.

We have most carefully considered the entire record, the claims at argument and the authorities cited to us. We have concluded that the deference which we usually, and quite properly, accord to the views of the judges of the District of Columbia Court of Appeals must here yield. Apparently subordinated, if not quite disregarded, by the trial judge was what should have been the dominant issue, namely the best interests of the children. The opposing claims of misconduct on the part of the respective parents seem to have pre-empted the attention of the trier to the exclusion of appropriate inquiry concerning the welfare of the innocent offspring. See Boone v. Boone, 80 U.S.App.D.C. 152, 156, 150 F.2d 153, 157 (1945).

We conclude, in view of all circumstances, that the ends of justice require a new trial and that the case should, of course, be assigned to another judge.

Reversed.

[1]. Ehrlich v. Perper, 189 A.2d 122, 123 (D.C.App.1963).