Andree NADELL, Appellant,

v.

Louis NADELL, Appellee.

No. 1955.

Municipal Court of Appeals for the District of Columbia.

Argued March 11, 1957.

Decided May 21, 1957.

Allan Fisher, Washington, D. C., for appellant.

Norman Baum, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

After being married less than six months, and while still occupying the same apartment with her husband, appellant sued him for separate maintenance.[1] The case was tried one month after suit was filed and at the conclusion of appellant's evidence the trial court dismissed her complaint. For reasons hereafter stated, we must reverse and remand for a new trial.

At the close of appellant's evidence, appellee's counsel moved to dismiss "on the ground that the plaintiff has failed to make a prima facie case." In considering the motion and in referring to the evidence, the trial court stated that "the facts, as far as the case shows, * * * must be accepted in the light as being true and correct at the present time," and after reviewing the evidence concluded that the motion should be granted. When asked by appellant's counsel as to the nature of its ruling the court replied: "It's a directed finding for the defendant."

So far it is evident that the trial court's ruling was that, accepting appellant's evidence in the light most favorable to her, such evidence did not entitle her to the re-

1. Code 1951, § 16–415.

lief sought. However, in entering its final judgment of dismissal the trial court made formal findings of fact and the making of findings of fact necessarily implies a weighing of the evidence and the drawing of inferences therefrom.

There is a vast difference between ruling at the close of a plaintiff's evidence that such evidence viewed most favorably to plaintiff does not entitle plaintiff to relief, and a ruling that on the facts found from plaintiff's evidence no relief is available. In the first instance, the situation is very similar to ruling on a motion for a directed verdict at the close of plaintiff's evidence in a jury case. In the second instance, the court weighs the evidence in the same manner as if both sides had introduced evidence, draws proper inferences and renders a decision on the merits if it finds the evidence insufficient to make out a case for plaintiff.

The practice of making findings of fact at the close of plaintiff's case in nonjury actions is of fairly recent origin in the federal courts. Such practice is generally held to be authorized by Federal Rule of Civil Procedure, 41(b), 28 U.S.C.A. See Judge Stephens' opinion in United States v. United States Gypsum Co., D.C.D.C., 67 F.Supp. 397, reversed on other grounds, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746. See also the discussion of this subject in Howard Industries v. United States, 115 F. Supp. 481, 126 Ct.Cl. 283, 288. Cf. our decision in Taylor v. United Broadcasting Co., D.C.Mun.App., 61 A.2d 480.

■ The statute creating the Domestic Relations Branch of the trial court provides that, except as otherwise specifically provided by the rules of the branch, the applicable Federal Rules of Civil Procedure shall govern in the branch,[2] and the rules of that branch do not exclude the operation of Fed.R.Civ.P. 41(b). Accordingly, we hold that the Domestic Relations Branch, in a proper case, may make findings of fact at the close of plaintiff's case.

In this case, however, the making of findings of fact was inconsistent with the court's oral announcement that it was accepting plaintiff's evidence as being true and correct. Some of the findings of fact clearly show a weighing of the evidence and the drawing of inferences not as favorable to plaintiff as her evidence could be construed.

If the judgment of the court rests on its orally announced ruling, our task would be to view the evidence in the light most favorable to plaintiff and determine whether the court's conclusion was correct as a matter of law. On the other hand, if the judgment rests on the findings of fact our task would be to ascertain whether such findings have substantial support in the evidence, and, if so, whether the findings, as a matter of law, sustain the judgment. Because of the inconsistent positions taken by the trial court, we are unable to determine the proper method of review of its judgment, and must reverse and remand for a new trial.

■ A question which may arise on new trial requires consideration. Appellant complains that irrelevant evidence of the parties' actions and relations prior to marriage was admitted. In view of the short period of marriage we think this evidence was clearly admissible in order to give the trial court a better and fuller understanding of the married life of the parties.

Reversed with instructions to grant a new trial.

2. Code 1951, Supp. V, § 11–766.