**Mary P. GEER, Appellant,**

v.

**Robert D. GEER and Barbara Gudim,
Appellees.**

**No. 1997.**

Municipal Court of Appeals for the
District of Columbia.

Argued June 10, 1957.

Decided Aug. 8, 1957.

Norman C. Paulson, Washington, D. C.,
for appellant.

No appearance for appellees.

Before ROVER, Chief Judge, and HOOD
and QUINN, Associate Judges.

HOOD, Associate Judge.

■ A wife appeals from a judgment which awarded her alimony and custody of a child but denied her a divorce. She charged her husband with adultery and the trial court found that she proved the charge. The divorce was denied on the ground that the wife as a matter of law was required, but failed, to corroborate her testimony that she and her husband had not cohabited from the date of separation, when she first learned of his adulterous conduct, to the date of trial.

■ The holding that corroboration was required as a matter of law was erroneous. Schroeder v. Schroeder, D.C.Mun.App., 133 A.2d 470. Indeed, under the circumstances of this case, the question of corroboration of noncohabitation was entirely immaterial. The wife established the husband's adultery to the satisfaction of the trial court. She also testified that she had not lived or cohabited with her husband after learning of his adultery. Condonation is a defense and ordinarily one is not bound to meet a defense until it is raised. However, the present case was uncontested, and had there been any evidence raising an inference of condonation, it would have been necessary for the wife to satisfactorily rebut it. But here there was none, and it was not incumbent on the wife to offer affirmative proof of the nonexistence of a mere possibility.[1]

1. That the question of condonation was nothing more than a possibility is made clear by the following remarks of the court during trial: " * * * he (the husband) could have gone to see his wife and had intercourse with her. It's possible. I don't say that there is the least bit of evidence to show that it occurred, but at the same time the wife has to prove that he didn't do it, and she hasn't offered any evidence to satisfy me that they didn't do it."

That portion of the judgment denying a divorce is reversed and the case is remanded with instructions to grant the divorce.