**Catherine Inez O'LEA, Appellant,**

v.

**Robert R. O'LEA, Appellee.**

No. 2080.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 14, 1957.

Decided Jan. 29, 1958.

William F. Mansfield, Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

At the conclusion of all evidence in an uncontested action for an absolute divorce on the ground of voluntary separation for five years, the trial judge, in denying the divorce, made both oral and written findings of fact. Essentially the written finding states that the testimony of the plaintiff and her corroborating witness was "unconvincing." Standing alone we are unable to determine whether this finding is directed to the credibility of the witnesses or to the sufficiency of their testimony. Considered in conjunction with the oral findings the confusion is compounded, since these findings are equally vague, though they tend to rest on the sufficiency of the evidence.

Under the rules of procedure the Domestic Relations Branch is required to make findings of fact and conclusions of law.[1] The rule is designed to insure the decision of cases according to the evidence and law, rather than upon extralegal considerations, and to apprise the parties and a reviewing court of the basis and validity of decisions thus rendered.[2] The requirement of findings is not a technicality, for if the finding rests on a determination of credibility, that decision is binding on a reviewing court. If, on the other hand, the finding is grounded on the evidence itself, a reviewing court may decide whether there is substantial support in the evidence for the finding.

On the basis of the present record we are left to choose between conflicting inferences and to surmise what was the actual basis of the finding. Any decision by this court under the circumstances would neither do justice to the parties involved nor to the trial court. It is suggested that the trial judges make it unmistakably clear in all cases the exact basis of their decision.

Reversed with instructions to grant a new trial.

1. Rule 11, Domestic Relations Branch.

2. See Saginaw Broadcasting Co. v. Federal Communications Commission, 68 App. D.C. 282, 96 F.2d 554, certiorari denied Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391; Sibert v. Ellis, D.C.Mun.App., 108 A.2d 541.