George **HAMILTON**, Appellant,

v.

Evelyn B. **HAMILTON**, Appellee.

No. 2486.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 30, 1959.

Decided March 17, 1960.

---

1. United States v. Aetna Casualty & Surety Company, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444.

Robert F. Sutphin, Washington, D. C., for appellant.

James F. Sharkey, Washington, D. C., entered an appearance for appellee, but filed no brief.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

At the conclusion of the husband's testimony in an uncontested suit for absolute divorce on the ground of adultery, the court took the case under advisement and shortly thereafter rendered judgment dismissing the complaint. No findings of fact or conclusions of law were made, either written or oral, beyond the statement in the judgment of dismissal that the allega-

tions of the complaint had "not been established to its satisfaction." Subsequently, in denying the husband's motion to reconsider or in the alternative for a new trial, the court indicated orally that the dismissal had been aimed at both his credibility and the sufficiency of his evidence. Appeal was taken from the denial of this motion.

■■■ Rule 11 of the Domestic Relations Branch is unqualified in its terms. It states that:

"In all actions tried in the Domestic Relations Branch, the court shall find the facts specially and state separately its conclusions of law. The findings, conclusions and the judgment based thereon shall be entered on the same day."

The oral findings here are patently invalid due to their being rendered subsequent to entry of judgment; but moreover, they are inadequate for reasons expressed in O'Lea v. O'Lea, D.C.Mun.App., 138 A.2d 486. Where the judgment is based on the credibility of a witness we are bound by the decision of the trial court. Where, however, as here, the decision is based in large part on the sufficiency of the evidence we are left to conjecture where the deficiency lay in the trial court's eyes, since the uncontroverted evidence, as we view the case, if taken in the light most favorable to plaintiff would have entitled him to relief. It is true that the trial court, in dismissing a case at the close of plaintiff's evidence, need not view such evidence most favorably to plaintiff, but may weigh and draw inferences therefrom as if defendant had introduced evidence. Nadell v. Nadell, D.C. Mun.App., 131 A.2d 921. If this is done, we feel it incumbent on the court to make the findings of fact necessary to apprise the upper court of the basis of its decision.

The evidence which the husband primarily relied upon at trial consisted of the itinerary of the U.S.S. "Lexington" and his service leave records, which indicated that he was with his ship operating in foreign waters during the conception and part of the gestation periods of the two children whose paternity he denied. In overlooking the pertinency of this evidence the trial court attached significance to the possibility of condonation on the part of the husband. In Geer v. Geer, D.C.Mun. App., 134 A.2d 110, we said that while condonation is a defense which must be affirmatively pleaded, nevertheless, in an uncontested action the plaintiff must rebut condonation if the evidence raises such an inference. Had findings of fact been made at the time judgment was entered (as required by the Rule), not only on the collateral issue of condonation but on the probative evidence tending to prove adultery, the entire factual pattern would have been placed in a better perspective for determination by the trial court and review by this court. It is apparent in this respect that the finding of facts, while important to an upper court, is a function which serves a second purpose:

"* * * [T]hat of evoking care on the part of the trial judge in ascertaining the facts. For, as every judge knows, to set down in precise words the facts as he finds them is the best way to avoid carelessness in the discharge of that duty: * * * And it is not a light responsibility since, unless his findings are 'clearly erroneous,' no upper court may disturb them. * * * As fact-finding is a human undertaking, it can * * * never be perfect and infallible. For that very reason every effort should be made to render it as adequate as it humanly can be." United States v. Forness, 2 Cir., 125 F.2d 928, 942–943.

■■■ It was this underlying necessity for clarity in the trial court's findings which prompted our decision in O'Lea v. O'Lea, supra. At that time we suggested that the rule was no mere technicality, but a real aid to insure proper disposition of cases according to the evidence introduced and the law involved. We are aware of

that line of cases holding that where the appellate court is fully apprised of the nature of the controversy from the record presented that a reversal will not be required due to the failure of the trial court to make findings under the proper rule.[1] While that is a generally recognized exception to the rule requiring findings, we do not think it applicable here, since on the basis of the record before us "we are left to choose between conflicting inferences and to surmise what was the actual basis of the finding. * * * It is suggested that trial judges make it unmistakably clear in all cases the exact basis of their decision." O'Lea v. O'Lea, supra [138 A. 2d 487].

Reversed with instructions to grant a new trial.

---

1. See, e. g., Goodacre v. Panagopoulos, 72 App.D.C. 25, 110 F.2d 716; Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108.