**Gregory T. SHERIDAN, Appellant,**

v.

**Nancy G. SHERIDAN, Appellee.**

**No. 5143.**

District of Columbia Court of Appeals.

Argued April 16, 1970.

Decided June 22, 1970.

Richard L. Walsh, Washington, D. C., for appellant.

Roger F. Lewis, Washington, D. C., with whom Mark B. Sandground, Washington, D. C., was on the brief, for appellee.

Before FICKLING and KERN, Associate Judges, and QUINN, Associate Judge, Retired.

QUINN, Associate Judge, Retired:

The marital and now post-marital difficulties between these parties have been a long and drawn-out process. A "past history" of the litigation can be found in Sheridan v. Sheridan, D.C.App., 202 A.2d 653 (1964). In that case, we held that the trial court had jurisdiction to award support for the two minor children when custody was not in issue, though the children were residing outside the District of Columbia, and that a wife could not be denied maintenance solely on the ground that she was earning enough to support herself.

On remand, the Domestic Relations Branch awarded the wife $85 every two weeks for the support and maintenance of the children and $40 every two weeks for her own separate maintenance. No appeal was taken from this order, entered on February 5, 1965.

On June 1, 1966, the wife brought suit for an absolute divorce, alimony, and an affirmation of custody and support. In an order entered March 30, 1967, the wife was awarded an absolute divorce, *a vinculo matrimonii*, on the ground of voluntary separation for one year, and custody of the children. The court concluded as a matter of law that the parties agreed that the husband pay $150 per month for support and maintenance of the children and that he provide hospitalization insurance for their use, and further that the wife waived her right to alimony in consideration of the

foregoing. No appeal was taken from this order.

On July 1, 1969, the wife filed a motion to increase child support and maintenance. An adversary hearing was held and an order entered increasing the amount of support and maintenance to $200 per month. No written findings of fact or conclusions of law were made. From this order, the husband appeals.[1]

The standards governing the modification of an original support order are set out at length in Hamilton v. Hamilton, D.C.App., 247 A.2d 421 (1968).

> In issuing an original support order, the trial judge may exercise a very broad discretion, which will not be disturbed except for an abuse of that discretion, but in thereafter modifying the order he is limited by the requirement that there must be first a showing of material change in the circumstances of the parties—a change which affects either the father's ability to pay or the needs of the minor children. Absent such a showing, the original decree is conclusive upon the parties. (Citations omitted.) 247 A.2d at 422–423.

At the outset, we must express great difficulty in making an intelligent review of this case. The difficulty lies with the trial court's failure to issue any written findings of fact and conclusions of law as required by Rule 7 of the Domestic Relations Branch.[2]

The underlying purpose of this rule was explained in O'Lea v. O'Lea, D.C.Mun. App., 138 A.2d 486 (1958).

> The rule is designed to insure the decision of cases according to the evidence and law, rather than upon extralegal considerations, and to apprise the parties and a reviewing court of the basis and validity of decisions thus rendered. The requirement of findings is not a technicality, for if the finding rests on a determination of credibility, that decision is binding on a reviewing court. If, on the other hand, the finding is grounded on the evidence itself, a reviewing court may decide whether there is substantial support in the evidence for the finding. (Citations omitted.)

138 A.2d at 487.[3] It is an understatement that the above reasoning applies to this case.

■ If there is any doubt whether a "motion" to increase or to decrease support and maintenance is an "action tried in the Domestic Relations Branch", it should be removed. We hold that the trial court must make written findings of fact and conclusions of law in such a case.[4]

A remand for written findings at this point in the litigation would be futile, however, for we find on a review of the entire record that the wife has failed to show, as a matter of law, what is necessary to establish a material change in circumstances.[5]

---

1. Counsel fees also were awarded to the wife. No challenge has been made to this award.

2. Rule 7 provides:
   > In all actions tried in the Domestic Relations Branch the court shall make written findings of fact and conclusions of law. The findings, conclusions and the judgment based thereon shall be entered on the same day.

3. *Accord,* Hamilton v. Hamilton, D.C.Mun. App., 158 A.2d 677, 679 (1960).

4. Under Rule 1 of the Domestic Relations Branch, the Federal Rules of Civil Procedure govern insofar as applicable. Fed. R.Civ.P. 52(a) provides in part: "Find-

ings of fact and conclusions of law are unnecessary *on decisions of motions* under Rules 12 or 56 or any other motion except as provided in Rule 41(b)." However, the "motion" involved in the case at bar is so dissimilar from those motions contemplated in Fed.R.Civ.P. 52 (a) that the latter must be viewed as inapplicable. *Compare* 5 J. Moore, Federal Practice ¶ 52.03 [3], at 2666; ¶ 52.06; ¶ 52.08 (2d ed. 1969), *with* O'Lea v. O'Lea, D.C.Mun.App., 138 A.2d 486 (1958); Hamilton v. Hamilton, *supra* note 3.

5. *Cf.* Butler v. Butler, D.C.App., 239 A.2d 616, 617 (1968).

The trial judge made the following oral statement at the close of the trial: "I must say that I am impressed that there is a need for a change, not only taking into consideration the cost of living, but the amount awarded, taking into consideration the man's situation at the time. It was certainly a bare minimum that was approved by the court. * * *" This statement, viewed in light of the evidence presented by the wife, points out the very insufficiency in her case. That is, the only evidence introduced as to the needs of the children related to the situation at the time of the hearing, and the alleged changes were all current in nature.[6]

The relevant time period for ascertaining materially changed circumstances is between the date of the original order and the date of the hearing. *See* Mozick v. Mozick, D.C.App., 245 A.2d 643, 644–645 (1968). No evidence was introduced of the circumstances existing at the time of the March 30, 1967 order. The burden of proof was on the wife to introduce such evidence in order to establish that material changes had occurred. Hamilton v. Hamilton, *supra*, 247 A.2d at 423; Barnett v. Barnett, D.C.App., 243 A.2d 51, 53 (1968); Tuthill v. Tuthill, D.C.App., 198 A.2d 905 (1964)[7].

Appellee still urges that the trial court's "findings" behind the "conclusion" of a "need for a change" are sufficient to infer materially changed circumstances during the relevant time period. The statements made were, in effect, (1) that the original award "was certainly a bare minimum"; (2) that the husband's situation had improved since the original order; and (3) that the cost of living rose during the relevant period.

As to the first point, it is no basis whatsoever for an increase in the amount of a support and maintenance award. "[T]he decree is not subject to modification as a procedural means for reviewing the equities of the prior decree." Hamilton v. Hamilton, *supra*, 247 A.2d at 423.

As to the second point, appellee urges that the *Hamilton* case established an either-or test for the modification of child support orders. That is, the movant may prevail if she shows "a change which affects *either* the father's ability to pay *or* the needs of the minor children." Hamilton v. Hamilton, *supra*, 247 A.2d at 422–423. (Emphasis added.) Assuming, arguendo, that the father's ability to pay has increased,[8] this fact in and of itself is an insufficient basis for a modification in this case. Appellee misreads the *Hamilton* case, which involved a father's motion to decrease support payments founded on an alleged decrease in income. The criteria by which support payments can be de-

6. For example, the wife testified that she was compelled to quit work about one month before the hearing due to her son's illness. But, there was no evidence that she was employed at the time of the original order. In fact, on cross-examination she testified that she could not remember if she had been employed at that time.

7. In a majority of cases, it may be that all the information necessary to show what the original circumstances were which have changed will be in the original order or its accompanying file. Under Smith v. Smith, D.C.App., 256 A.2d 833, 836 (1969), such evidence is, of course, available. The burden is always on the movant to bring actual notice to the trial court of relevant material in the original case. The *Smith* case does not hold, nor do we in any way intimate, that it is the duty of the trial court to *sua sponte* take notice of evidence which may be secreted in the sometimes vast reams of paper which compose the trial jacket or file. In the case at bar, with the consent of counsel for both parties, we have reviewed the material in the trial jacket. Due to the nature of the original maintenance award, the amount of support being agreed on by the parties, much of the proof which the wife would need is absent. However, this does not relieve the movant-wife of her burden of proof. She must bring in the evidence anew.

8. The father testified that since the time of the original order his income had de-

creased are not applicable in a motion to increase. A motion to increase must be founded on the increased needs of the children.[9] Indeed, the father's ability to pay is relevant in granting or denying the increase, but it is not the basis on which an increase is initiated or founded.

As to the rise in the cost of living, we have held that, in a proper exercise of discretion, the trial court may order a *commensurate* increase in maintenance solely on this ground. Mozick v. Mozick, *supra*. We can find no such exercise of discretion in the present case.

The record fails to show, as a matter of law, a substantial change in the requirements of the minor children. We reverse and reinstate the support terms of the prior order.

So ordered.

creased. All of the evidence introduced on this point substantiated this claim. The trial court apparently disbelieved the appellant's testimony, which is certainly within the province of the trial court. However, there is no finding that the father is in fact now making a higher income or what the precise amount of that income is. Indeed, there was insufficient evidence of any increase, which foreclosed the making of such a finding.

9. The wife testified that her son required special schooling. No other evidence on this point was introduced, and it is difficult to ascertain what weight the trial court placed on this testimony. We find this bare assertion to be insufficient. *Cf.* Hamilton v. Hamilton, D.C.App., 247 A.2d 421 (1968); Glendening v. Glendening, D.C.App., 206 A.2d 824, 826 (1965). *See also* Springer v. Springer, D.C.App., 248 A.2d 822 (1969); Lipsey v. Harriet, D.C.App., 192 A.2d 529 (1963).