**Petition of G. F. C., Jr. and L. M. C., Adopters for Adoption of minor, Appellants.**

**No. 7383.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1973.

Decided Jan. 23, 1974.

Arthur J. Whalen, Jr., Washington, D. C., for appellants.

Before PAIR and YEAGLEY, Associate Judges, and QUINN, Associate Judge, Retired.

PER CURIAM:

Appellants, the maternal grandparents of the minor herein, seek relief from the judgment of the Family Division of the Superior Court dismissing their petition for adoption of T. J. H., a minor child.

Petitioners alleged, and the evidence reflected, that they have had custody of the minor child since given to them by the father on April 8, 1970. On that day the father of the minor child killed the mother, for which crime he was sentenced to serve from 18 months to 6 years. At the time of the hearing on the petition the father had been released from prison and was on parole. The record reflects that the father was a high school graduate, served honorably in the United States Army and was gainfully employed before and after his term in prison. The father stated that aside from the aforementioned criminal incident he had no other criminal record.

The father filed an opposition to the adoption reciting his love for the child, his fear that she would be brought up to hate him, and his intention not to interfere with the present custody arrangement. How-

ever, the father did not seek custody of the child for himself.

D.C.Code 1973, § 16–304(b)(2)(B) provides that there may be no adoption without the consent of a living parent unless that parent has "abandoned the prospective adoptee and voluntarily failed to contribute to his support for a period" (§ 16–304(d)); or unless the court finds "that the consent or consents are withheld contrary to the best interests of the child." (§ 16–304(e).) There being no allegation that the father has abandoned the minor child, the issue was whether the father's withholding of consent to the adoption was "contrary to the best interests of the child."

At the hearing testimony was taken from the father and the father's mother opposing the adoption. An employee of the Social Rehabilitation Administration testified for the petitioners and a copy of that agency's report recommending the adoption is in the record.

The judge dismissed the petition without making findings, stating only that the "Petitioners have not established the facts to justify the adoption and that withholding of consent by the natural father has not been contrary to the best interests of the child . . . ."

Super.Ct.Dom.Rel.R. 52(a) provides that:

In all actions tried upon the facts the court shall make written findings of fact, [and] separate conclusions of law . . . .

This court has stated on many previous occasions,[1] that findings of fact and conclusions of law are necessary in order for us to intelligently review decisions of the Family Division. The cases referred to were based on previous rules of the Domestic Relations Branch which required findings of fact and conclusions of law. The present rule, Rule 52(a), continues this requirement in terms at least as strong and as mandatory as did the previous rules.

We find ourselves in exactly the same situation as the court found itself in O'Lea v. O'Lea, D.C.Mun.App., 138 A.2d 486 (1958), prompting it there to say at 487:

On the basis of the present record we are left to choose between conflicting inferences and to surmise what was the actual basis of the finding. Any decision by this court under the circumstances would neither do justice to the parties involved nor to the trial court. It is suggested that the trial judges make . . . unmistakably clear in all cases the exact basis of their decision.

We therefore remand the record with instructions to the trial court to make the findings required by Super.Ct.Dom.Rel.R. 52(a).

So ordered.

---

1. Butler v. Butler, D.C.App., 239 A.2d 616 (1968); Hamilton v. Hamilton, D.C.Mun. App., 158 A.2d 677 (1960); O'Lea v. O'Lea, D.C.Mun.App., 138 A.2d 486 (1958). *See also* cases cited in n. 1, Butler v. Butler, *supra*.