John Philip O'MEARA, Appellant,

v.

Kathleen Ann O'MEARA, Appellee.

No. 7942.

District of Columbia Court of Appeals.

Argued Jan. 7, 1976.

Decided April 14, 1976.
Opinion Following Remand July 9, 1976.

William J. Powell, Washington, D.C., for appellant.

John A. Keats, Washington, D.C., for appellee.

Before FICKLING and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

The subject of controversy on this appeal is the custody of a nine-year-old boy. The parties to the appeal were formerly husband and wife and the boy is an issue of that marriage.

On October 19, 1972, the wife, appellee herein, obtained in the Superior Court of the District of Columbia an absolute divorce from appellant on the ground of voluntary separation. In that proceeding appellee sought also the custody of the child.[1] The trial court, however, reserved until August 28, 1973, disposition of the custody issue. As an interim measure, the court directed that appellant have custody of the

---

1. Prior to the commencement of the divorce proceedings, appellant resided with the child in West Palm Beach, Florida. Sometime in August 1971, appellee, without the knowledge or consent of the appellant, removed the child to the District of Columbia where he resided with appellee until the termination of the divorce proceedings.

child in West Palm Beach, Florida until June 13, 1973, and that appellee assume at that time and maintain thereafter, in the District of Columbia, custody of the child until further order of the court. The court directed further (1) that the appropriate social agency of the Superior Court arrange to have appellant's custody of the child monitored by the appropriate social agency of the court in West Palm Beach, Florida, and (2) that appellee's custody of the child be monitored by the appropriate social agency of the Superior Court. The court then directed that comprehensive reports and recommendations of the two agencies, including biweekly psychiatric reports of the appellee's mental condition and adjustment during her custody of the child, be filed with the court.

When the hearing on the permanent custody issue was resumed, there was testimony interspersed with recriminations by both appellant and appellee. There was also testimony as to appellee's mental condition indicating a recovery from an emotional difficulty. In addition, there was testimony tending to establish the suitability of both appellant and appellee for custody. At the conclusion of the hearing the court found on the basis of the testimony and the reports and recommendations of the social agencies that the best interest of the child would be served by awarding permanent custody to appellee. An order was entered to that effect and this appeal followed.

Appellant's sole contention of substance is that the trial court abused its discretion in awarding permanent custody to the appellee. We reserve at this time any disposition of this contention and remand for further proceedings.

■ We note that this court has traditionally treated with great deference decisions of the trial court in child custody cases since the trial judge has had the opportunity "to appraise at first hand the character of the parties" and determine their suitability for custody. *Dorsett v. Dorsett*, D.C.App., 281 A.2d 290, 292 (1971). Thus, if appellant is to prevail on his appeal, this court must be satisfied from its review of the record that there has been an abuse of discretion. *See Dorsett v. Dorsett, supra; Coles v. Coles*, D. C.App., 204 A.2d 330 (1964).

■ The heavy burden of demonstrating an abuse of discretion is made more difficult for appellant by the trial judge's failure to make, as required by Super.Ct. Dom.Rel.R. 52(a), written findings of fact and separate conclusions of law. This court has declared on a number of occasions that such findings of fact and conclusions of law are a prerequisite to meaningful appellate review. *Petition of G.F.C., Jr. and L.M.C.*, D.C.App., 314 A.2d 486 (1974). *See also Sheridan v. Sheridan*, D.C.App., 267 A.2d 343 (1970); *Butler v. Butler*, D.C.App., 239 A.2d 616 (1968); *O'Lea v. O'Lea*, D.C.Mun.App., 138 A.2d 486 (1958).

The present case highlights the need for such findings of fact and conclusions of law. Five days of testimony, much of it contradictory, was focused on the mental health of the appellee and the moral fitness and domestic stability of both appellant and appellee. Reports from the two social agencies supplemented this testimony.

In announcing his decision to award permanent custody to appellee, the trial judge stated merely that he had taken into consideration the testimony, reports, and recommendations of the social agencies. The trial judge did not explain why he favored one set of witnesses over the other, nor did he give expression to his reasons for granting greater weight to the report and recommendations of the Superior Court's social agency than to the social agency of the court in West Palm Beach, Florida.[2]

---

**2.** Domestic Relations Rule 52(a) differs from its Civil Rule counterpart in that it mandates that the trial judge make written findings of fact and separate conclusions of law and no

Thus, this court is left only with the end result and not with the legal and factual predicate for that result, making it difficult to decide whether or not the trial judge's decision is supported by the evidence.

The record is remanded to the trial court with directions to make, as required by Super.Ct.Dom.Rel.R. 52(a), written findings of fact and separate conclusions of law and to certify the same to this court as a supplemental record furnishing copies to counsel for the parties.

*So ordered.*

### OPINION FOLLOWING REMAND
### PER CURIAM.

■ This cause came on for further consideration following the remand proceedings pursuant to this court's opinion and order of April 14, 1976. The court has reviewed the findings and conclusions of the trial court set forth in the supplemental record. The court is of the opinion that the findings and conclusions are supported by substantial evidence in the whole of the record and that the best interests of the child involved are served by the trial court's award of permanent custody to the child's mother, the appellee herein.

Accordingly, it is this 9th day of July 1976,

ORDERED and ADJUDGED that the order of the trial court on review herein be, and the same hereby is, affirmed.

request by counsel is necessary. Counsel were either unaware of the rule or they chose to ignore it. In any event, counsel for appel-

lant failed to even mention the requirement in his brief or at oral argument.