Ellen Fields UTLEY, Appellant,

v.

Robert L. UTLEY, Appellee.

Nos. 10310, 10590.

District of Columbia Court of Appeals.

Argued July 15, 1976.

Decided Oct. 11, 1976.

Maurine H. Abernathy, Washington, D. C., with whom J. Clifford Letcher, Washington, D.C., was on the brief, for appellant.

George F. Knox, Sr., Washington, D.C., for appellee.

Before KELLY, Associate Judge, and PAIR, Associate Judge, Retired, and WASHINGTON, Associate Judge, Superior Court.*

PAIR, Associate Judge, Retired:

These appeals are from orders entered in the Family Division of the Superior Court in proceedings involving the custody of the minor child of the parties.

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

The first appeal, No. 10310, followed the entry on October 23, 1975, of an order denying appellant's motion to modify a judgment and order entered February 28, 1975. The latter order provided for divided custody of the child.

The second appeal, No. 10590, is from two orders, one adjudged appellant in contempt for disobedience of the February 28, 1975 judgment and order and the other directed execution of an order of adjudication and commitment entered February 9, 1976.[1]

For the reasons stated below we consider the appeal in No. 10310 as having been taken from the judgment and order entered February 28, 1975, and vacate so much of that order as provided for divided custody of the child. The orders challenged by appeal No. 10590 must also be vacated since in view of our disposition in No. 10310 there will remain no foundation upon which such orders can stand.

A brief recital of pertinent facts of record is required to put these dispositions in proper perspective. The child, the issue of the marriage of appellant [the mother] and appellee [the father], was born on June 27, 1972. Shortly thereafter the parties separated and from that time until the entry on February 28, 1975 of the judgment and order we now review, the mother maintained, in the District of Columbia, custody of the child.

On September 13, 1974, the father obtained in the State of Virginia an absolute divorce from the mother. The Virginia Court made no disposition respecting the custody of the child.

During the pendency of the Virginia divorce proceedings, the mother complained against the father in the Superior Court of the District of Columbia, Family Division, demanding an absolute divorce on the ground of desertion and cruelty. Among other relief sought by the mother was custody of the child. The father, by way of counterclaim, also sought custody of the child or liberal visitation rights.

The action came on for trial on February 5, 1975, and it appearing to the trial court that the marriage of the parties had been terminated by a valid divorce decree entered in the State of Virginia on September 13, 1974, the mother's complaint for divorce was dismissed. The court then found that both parties were fit and proper custodians of the child. The court made no findings respecting the quality of the mother's custody of the child during the period following the separation of the parties, the child's adjustment during that period or as to his best interest and welfare. Notwithstanding, the court made and entered on February 28, 1975, a judgment and order which reads in pertinent part:

> . . . the defendant [father] shall have custody of the minor child . . . each and every third (3rd) month of the year, commencing March 1, 1975 . . .

> . . . the plaintiff [mother] shall have custody for the remaining months of the year . . . .[2]

There was no appeal from that judgment and order.

On March 7, 1975, the mother moved, with supporting affidavits and points and authorities, to alter or amend the judgment, insofar as it pertained to the divided custody arrangement. For reasons, none of which appear attributable to the mother, the motion was not brought on for disposition until sometime in August 1975. At

---

1. We stayed execution of the order of adjudication and commitment and consolidated the two appeals for oral argument and disposition.

2. The child was at that time less than three years of age and the effect of the custody arrangement was to sanction the transportation of the child to and from Atlanta, Georgia, a total distance of some 1800 miles every third month.

that time the mother, at the suggestion of the trial judge, amended the motion to read "Motion to Modify Order . . . As to Custody . . . of Minor Child Based on Best Interests and Welfare of Child." The trial judge then recused himself from any further consideration of the motion.

The motion as amended was heard by another judge and upon consideration thereof he entered on October 23, 1975, an order denying the motion concluding that the mother had not shown a change in circumstances sufficien to warrant a modification of the custody arrangement. Notice of appeal from that order followed on November 21, 1975.

We address first the contention that because of the mother's failure to appeal from the February 28, 1975 judgment and order this court is without jurisdiction to review it. This contention is clearly without substance. Our Rule 4 II(a)(2) provides:

*Tolling of Time for Filing Notice of Appeal.* The running of the time for filing a notice of appeal is terminated as to all parties by the timely filing pursuant to the rules of the Superior Court of the following motions in said court and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry in the civil docket of an order with respect to such motion:

\* \* \* \* \* \*

a motion to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted;

a motion to vacate, alter or amend the order or judgment;

\* \* \* \* \* \*

any motion seeking relief in the nature of the foregoing.[3]

We hold, therefore, that the motion to alter, amend, or modify the February 28, 1975 judgment and order, filed as it was within the 10-day period prescribed by Super.Ct.Dom.Rel.R. 52(b), tolled the running of the time for appeal. Accordingly, it must follow that the notice of appeal filed November 21, 1975 was a timely challenge to such judgment and order.

Turning to the merits of the appeal in No. 10310, we notice at the outset that the trial court's initial disposition of the child's custody is without a basis in findings of fact mandated by Super.Ct.Dom.Rel.R. 52(a). All that appears in this connection is what the court said during its oral ruling. Said the court:

Now, as to the custody of this child, that's given me considerable trouble and the child is . . . of very tender age and as I say, in my thinking, it belongs with the mother. But here I definitely believe that liberal visitation rights are justified by the evidence.

I think that it might be well if the parties could . . . have the child for a period of time . . . it would *save money.* He could spend a month with one parent and go back with the other and I would say three or four of those kinds of trips a year would be in the best interest of that child . . .

. . . *That would prevent unnecessary expenses in transportation money.*

3. Super.Ct.Dom.Rel.R. 52(b) provides:
   *Amendment.* Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. . . . When findings of fact are made in actions tried by the court the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in this court an objection to such findings or has made a motion to amend them or a motion for judgment.

And I would give each parent an opportunity to adjust their situations so that they can adequately care for this child . . . . [Emphasis added.]

■ Even if these comments by the trial judge could under any theory be deemed findings of fact, they would be wholly insufficient to satisfy the requirements of Super.Ct.Dom.Rel.R. 52(a), which provides:

In all actions tried upon the facts the court shall make written findings of fact, [and] separate conclusions of law . . . .

Consequently, as we said recently in *O'Meara v. O'Meara,* D.C.App., 355 A.2d 561, 563 (1976):

[T]his court is left only with the end result and not with the legal and factual predicate for that result, making it difficult to decide whether or not the trial judge's decision is supported by the evidence.

*See also Sheridan v. Sheridan,* D.C.App., 267 A.2d 343 (1970); *O'Lea v. O'Lea,* D.C.Mun.App., 138 A.2d 486, 487 (1958).

■ Moreover, it is without question now that in any child custody case the controlling consideration is the best interest and welfare of the child. *See Monacelli v. Monacelli,* D.C.App., 296 A.2d 445 (1972); *Lindau v. Lindau,* D.C.App., 286 A.2d 864 (1972); *In re West,* D.C.App., 245 A.2d 636 (1968); *Coles v. Coles,* D.C.App., 204 A.2d 330 (1964); *Dixon v. Dixon,* D.C. App., 190 A.2d 652 (1963); *Knight v. Knight,* D.C.Mun.App., 134 A.2d 380 (1957); *Bartlett v. Bartlett,* 94 U.S.App. D.C. 190, 221 F.2d 508 (1954). *See also Boone v. Boone,* 80 U.S.App.D.C. 152, 154, 150 F.2d 153, 155 (1945); *Cook v. Cook,* 77 U.S.App.D.C. 388, 135 F.2d 945 (1943).

■ The determination of the best interest and welfare of the child here involved was, of course, entrusted to the sound discretion of the trial court. *Dorsett v. Dorsett,* D.C.App., 281 A.2d 290, 292 (1971); *Coles v. Coles, supra.* But because that court failed to make the findings required by Super.Ct.Dom.Rel.R. 52(a), we have nothing upon which to base a judgment whether that discretion was properly exercised.

■ Generally, divided custody of a child of tender years is not favored. *See Knight v. Knight, supra; McLemore v. McLemore,* 346 S.W.2d 722 (Ky.1961). *See also* Annot., Children—Alternate Custody, 92 A.L.R.2d 695–745 (1963). Perhaps the reason for this is that an orderly, meaningful, and reasonably secure family life is crucial during the formative years of a child's life. A happy and normal family life is often impossible of accomplishment when a child of tender years is subjected to the frustrating experience of divided custody especially when in the process he is shifted from home to home, from city to city, or from one family environment to another. *See Snow v. Snow,* 52 App.D.C. 39, 40, 280 F. 1013, 1014 (1922). *See also Phillips v. Phillips,* 153 Fla. 133, 13 So.2d 922 (1943); 92 A.L.R. 2d at 707–17.

Notwithstanding the failure of the trial court to make the required findings of fact, we have searched but found in the record no showing of any exceptional circumstances or compelling reason why the custody arrangement made in this case could reasonably be expected to promote the best interest and welfare of this child.[4] Certainly there is nothing in the memorandum opinion of either the first or second judge which indicates that the matter of the child's best interest and welfare was given any serious consideration.[5]

---

4. The trial court's principal concern seems to have been the expense which would have been involved in the conventional exercise of visitation rights.

5. The second judge seems to have thought that he had no responsibility to make an independent determination as to the present welfare of the child. *See In re West, supra; Boone v. Boone, supra; Cook v. Cook, supra.*

We vacate, therefore, so much of the judgment and order entered in this case February 28, 1975, as provides for divided custody of the child and remand the record to the trial court for further proceedings not inconsistent with this opinion. The order of adjudication and commitment and the order directing execution thereof entered February 9, 1976, are also vacated. In connection with the proceedings on remand it is suggested that the trial court give consideration to the appointment, pursuant to D.C.Code 1973, § 16–918(b), of a disinterested attorney to appear on behalf of the child and represent his best interests.

*So Ordered.*