Richard L. PLUMLEY, Appellant,

v.

Katherine V. PLUMLEY, Appellee.

No. 82–180.

District of Columbia Court of Appeals.

Argued April 13, 1983.

Decided Aug. 15, 1983.

Saul M. Schwartzbach, Washington, D.C., for appellant.

John W. Karr, Washington, D.C., for appellee.

Before MACK and TERRY, Associate Judges, and PAIR, Associate Judge, Retired.

TERRY, Associate Judge:

This is an appeal from an order granting custody, child support, and attorney's fees to appellee. The appellant, her estranged husband, contends that the trial court erred in failing to make sufficient findings to support its award of child support and attorney's fees. We agree and remand the case for more detailed findings.

The parties were married in 1977. A child, the subject of this controversy, was born in 1978. Marital problems arose, and in May 1981 the parties separated.

Shortly thereafter appellee filed a complaint for custody; appellant promptly re-

sponded with an answer and a counterclaim for custody. Temporary custody was awarded to Mrs. Plumley, who subsequently filed an amended complaint seeking child support. In due course the case went to trial. After hearing testimony by several witnesses, including both parties, the trial court rendered a decision from the bench, followed shortly by written findings of fact and conclusions of law. The court awarded custody of the minor child, Geoffrey, to Mrs. Plumley, as well as child support in the amount of $250 bi-weekly, attorney's fees in the amount of $2,158.80, and $255 as arrearage on a mutual debt. Mr. Plumley appeals.

"Trial court determinations of custody, child support, visitation rights and counsel fees ... are subject to reversal only for clear abuse of discretion." *Moore v. Moore,* 391 A.2d 762, 770 (D.C.1978); *accord, e.g., Roberson v. Roberson,* 297 A.2d 769, 771 (D.C.1972). This court has held on several occasions, however, that "[t]o assure proper review according to this standard, the rules of court require detailed, written findings of fact and separate conclusions of law upon all matters." *Moore v. Moore, supra,* 391 A.2d at 770, citing Super.Ct.Dom.Rel.R. 52(a); *Utley v. Utley,* 364 A.2d 1167, 1170 (D.C.1976); *O'Meara v. O'Meara,* 355 A.2d 561 (D.C.1976). "If a trial court fails to document its findings and conclusions, we must remand for that purpose." *Moore v. Moore, supra,* 391 A.2d at 770, citing *Wood v. Wood,* 360 A.2d 488 (D.C.1976), and *O'Meara v. O'Meara, supra.*

■ In the instant case the trial court failed to make an adequate determination of appellant's ability to pay either child support or attorney's fees. Both parties submitted standard financial statements reflecting their monthly income and expenses, assets and liabilities. Their testimony, however, was minimal on the issue of their ability to support their minor child. Mr. Plumley testified only about his gross annual income. Mrs. Plumley did likewise, and

also testified peripherally about certain expenses including a mortgage, a Visa bill, and the cost of day care for her son. The trial court's findings of fact referred only to the parties' gross incomes, making no mention whatever of their expenses or of their comparative ability to provide child support.[1] Indeed, the court's only explanation for its decision to award child support and attorney's fees was that "[i]t is appropriate that the defendant contribute $250 bi-weekly for Geoffrey's support ... and that he make a contribution to the legal expenses incurred by plaintiff in Geoffrey's behalf." Neither in its oral decision nor in its written findings did the court reveal how it arrived at the figure of $250 bi-weekly. To say that such payments are "appropriate" without stating any reasons for awarding this particular amount falls far short of the standards we have set in our cases.

■ The trial court likewise failed to determine the precise financial needs of the child, as the case law requires. "The amount of a child support award is dependent on both the needs of the minor and the respective abilities of the parents to pay." *Moore v. Moore, supra,* 391 A.2d at 771. The only finding as to the needs of Geoffrey Plumley concerned his need for a day care center. Counsel for appellant offered what he considered to be a reasonable amount for his client to pay as child support based on counsel's perception of the child's financial needs. The court apparently rejected these calculations, but it provided none of its own. Consequently, there is no discernible basis in the record for the court's award of child support, and it cannot stand.

■ As we said in *Moore v. Moore, supra,* "in all cases ... the record must reflect a relatively thorough investigation both of the child's actual needs and at least of a 'reasonable approximation' of the parents' respective net incomes." 391 A.2d at 771. Thus, upon remand, the trial court

---

[1]. Ability to pay depends on net, not gross, income. *See Moore v. Moore, supra,* 391 A.2d at 771; *Mumma v. Mumma,* 280 A.2d 73, 76–77 (D.C.1971).

must make a detailed financial analysis of the parties' "net disposable income[s], based on all legitimate financial obligations," as well as the particular financial needs of Geoffrey Plumley in light of his parents' respective abilities to pay. *Id.* Not only are such detailed findings prerequisite to an award of child support, but they will also enable the trial court to decide the issue of attorney's fees, which, like child support, depend on the parties' relative abilities to pay. *Owen v. Owen,* 427 A.2d 933, 939 (D.C.1981).

That portion of the trial court's order awarding child support and attorney's fees to appellee is reversed, and this case is remanded to the trial court for further consideration of those matters in light of this opinion, and for the entry of further findings. Since the custody of Geoffrey is not contested on appeal, we affirm that portion of the order awarding custody to appellee.

*Affirmed in part, reversed in part.*